The COMMISSIONERS OF HIGHWAYS OF the TOWNS OF ANNAWAN, et al., Plaintiffs-Appellants, Cross-Appellees,

v.

UNITED STATES of America, et al., Defendants-Appellees, Cross-Appellants,

and

The State of Illinois, Defendants-Appellees.

Nos. 81–1569, 81–1718.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 12, 1982.

Decided May 27, 1982.*

* This appeal was originally decided by an unpublished order on May 27, 1982 pursuant to Circuit Rule 35. The Court has subsequently decided to issue that decision as an opinion.

Stephen Diamond, Magnum, Beeler, Schad & Diamond, Chicago, Ill., for plaintiffs-appellants, cross-appellees.

Robert L. Klarquist, Dept. of Justice, Land & Natural Resources Div., Washington, D. C., for defendants-appellees, cross-appellants.

Before SPRECHER,[1] Circuit Judge, BAUER, Circuit Judge, and BONSAL,[2] Senior District Judge.

BONSAL, Senior District Judge.

On May 1, 1980, following years of litigation, the Commissioners of Highways of various Illinois towns ("Commissioners") were awarded damages against the United States by the District Court for the Northern District of Illinois in the amount of $2,812,658 plus interest. We affirmed the decision of the district court, except that we disallowed certain travelling expenses and expert witness's fees which had been awarded by the district court, on the ground that they were not enumerated in 28 U.S.C. § 1920 and therefore could not be awarded against the United States. 653 F.2d 292, 298 (7th Cir. 1981).

For the background of the litigation, reference is made to the opinion of Judge Bauer in *Commissioners of Highways, etc. v. United States*, 653 F.2d 292 and the opinion of Judge Leighton in the District Court for the Northern District of Illinois reported at 466 F.Supp. 745 (N.D.Illinois, E.D. 1979).

On July 3, 1980, the Commissioners applied to the district court for an award of attorneys' fees in the amount of $227,000. On March 5, 1981 the district court denied the application and this appeal followed. We affirm.

The Commissioners' primary argument on appeal is that the amendments to 28 U.S.C. § 2412, effective October 1, 1981, "compel reversal and remand to the district court." We disagree.

The amendments to 28 U.S.C. § 2412 are known as the Equal Access to Justice Act (Public Law 96–481 of October 21, 1980), 94 Stat. 2325 (the "Act"). The Act constitutes a significant relaxation of sovereign immunity in actions seeking attorneys' fees from the United States. However, for the following reasons, we hold that the Act does not apply to this proceeding.

Section 208 of the Act provides that the Act shall take effect on October 1, 1981 and shall apply to "any civil action or adversary adjudication described in section 2412 of title 28, United States Code, which is pending on, or commenced on or after, such date." On October 1, 1981 the only matter pending here was the Commissioners' appeal from the denial of attorneys' fees by the district court. The Commissioners urge that this is sufficient, relying on *Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974). In *Bradley*, the Supreme Court authorized attorneys' fees to plaintiffs in a school desegregation case even though the only appeal pending when the statute granting attorneys' fees was enacted was from the district court's order denying attorneys' fees. However, *Bradley* did not involve the issue of sovereign immunity of the United States. Waivers of sovereign immunity must be strictly construed and are not to be extended by implication. *See, e.g., United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980). *Bradley* involved a group of Negro parents, acting as private attorneys general, suing a school board to vindicate their rights. Unlike the plaintiffs in *Bradley*, there was no great disparity between the Commissioners' and the government's

---

1. Judge Sprecher heard oral argument and participated in the conference which followed. He died May 15, 1982 and did not participate in the preparation or approval of this opinion.

2. The Hon. Dudley B. Bonsal, Senior District Judge for the Southern District of New York, is sitting by designation.

ability to protect themselves, nor were the Commissioners vindicating any public policy. Therefore, we do not find *Bradley* controlling, and hold that the statutory requirement of section 208 of the Act was not satisfied.

Moreover, even if the Act was applied, the Commissioners would not be entitled to fees under any of the theories which they present. Under 28 U.S.C. § 2412(b), "The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under common law . . . ." Commissioners contend that under this section they would be entitled to fees under the "common fund" theory which permits "the trustee of a fund or property, or a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including his attorneys' fees, from the fund or property itself or directly from the other parties enjoying the benefit." *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975) (footnote omitted). However, the "common fund" theory does not apply where, as here, the only persons benefitting from the "fund" were the Commissioners, as plaintiffs. The "fund" benefits no one but the parties and therefore the "common fund" theory is inapplicable.

■ Under 28 U.S.C. § 2412(d) a court shall award fees to any prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified. A "party" is defined as follows:

"(2) . . .

"(B) . . . (i) an individual whose net worth did not exceed $1,000,000 at the time the civil action was filed, (ii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization whose net worth did not exceed $5,000,000 at the time the civil action was filed, . . . or, (iii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization, having not more than 500 employees at the time the civil action was filed. . . . "

Since the Commissioners, representing political subdivisions of the State of Illinois, do not come within the definitions set forth above, we need not reach the question of whether or not the United States must show that its position was substantially justified.

In section 202 (Findings and Purpose) of the Act, the Congress "finds that certain individuals, partnerships, corporations, and labor and other organizations may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights in civil actions . . . ." In this prolonged litigation it is clear that the Commissioners have not been deterred in proceeding against the United States. As we read section 202, its purpose is to diminish the deterrent effect of sovereign immunity in actions properly brought by private citizens to vindicate their rights. We do not believe that governmental bodies such as the Commissioners were intended to come within the scope of the Act.

■ Commissioners also contend here, as they did in the district court, that they are entitled to an award of attorneys' fees under 42 U.S.C. § 4654(a)(2) relating to condemnation proceedings. Section 4654(a) provides that the court "shall award the owner of . . . such real property . . . reasonable attorney[s'] . . . fees, actually incurred because of condemnation proceedings, if—. . . (2) the proceeding is abandoned by the United States." The Commissioners contend that this is a condemnation proceeding which was abandoned by the United States when it transferred the Canal to the State of Illinois in 1970 without completing its obligation to make maintenance repairs to the Canal. We agree with the district court that the condemnation proceedings involved here "were concluded in 1898, when the court entered final decrees which disposed of all the matters then before it." (District court's unpublished Memorandum Opinion on Fees filed on March 5, 1981, at 8.) The district court was correct in concluding that Commissioners were not entitled to fees under this statute.

Finally, Commissioners contend, as they did below, that the "court's inherent equitable powers provide an independent ground for attorneys' fees." *Id.* Commissioners contend that they fall within one of the few exceptions where "[a]bsent express statutory authority, federal courts still have 'inherent [equitable] power' in a federal question case . . . to award attorneys' fees for 'willful disobedience of a court order as part of the fine to be levied on the defendant . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . .' " *National Association of Letter Carriers v. U. S. Postal Services,* 590 F.2d 1171, 1176 (D.C.Cir.1978) (citation omitted). The district court found that the government did not act in such a manner as would justify an award of attorneys' fees. A review of the record satisfies us that the district court's conclusion was correct.[3]

For the foregoing reasons, the decision of the district court is AFFIRMED.

---

**3.** The government contends that the award of attorneys' fees is precluded by Rule 59(e) since such an award would alter or amend the judgment for damages and the application was made more than ten days after entry of judgment, contrary to Rule 59(e). We need not tarry over this argument since it was disposed of by the Supreme Court in *White v. New Hampshire Department of Employment Security,* —— U.S. ——, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), which holds that attorneys' fees are not part of the judgment and, hence, Rule 59(e) is not applicable.