**UNITED STATES of America,**

v.

**Jack ROSE, Defendant.**

**No. 80 Civ. 2925 (MEL).**

United States District Court,
S.D. New York.

Oct. 25, 1982.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for U.S.; Twila Perry, Asst. U.S. Atty., New York City, of counsel.

Butler, Fitzgerald & Potter, New York City, for defendant; Raymond Fitzgerald, New York City, of counsel.

LASKER, District Judge.

This case presents questions of interpretation of the recently-enacted Equal Access to Justice Act, 28 U.S.C. § 2412, which provides for attorney fee awards to a party who has prevailed against the United States where the government is unable to demonstrate that its position was "substantially justified."

Jack J. Rose contends that the government erroneously assessed taxes against him. He claims that the taxes that are the subject of the litigation have been paid, and that, in fact, he has provided the government with copies of the cancelled checks. Nevertheless, following proceedings before the Internal Revenue Service ("IRS") as-

sessments were levied against Rose for willful failure to pay $30,840.33. Rose filed suit in the United States District Court for the District of New Jersey for an abatement. Subsequently, the government filed the instant action to obtain judgment for willful failure to pay the taxes. Rose counterclaimed, alleging, *inter alia,* that the government brought the action "in bad faith," "without excuse or justification," thereby damaging him "both emotionally and financially." (Amended Answer to Amended Complaint, Fourth Counterclaim ¶¶ 59, 60, 61).

At a status conference held on September 25, 1981, counsel informed the Court that the government had agreed to abate in full all of the assessments levied against Rose. With respect to the Fourth Counterclaim, counsel appeared to be in agreement that the primary item of damages was attorneys fees. Counsel for Rose made an oral application for attorneys fees.

On October 1, 1981, the Equal Access to Justice Act (The Act) went into effect. Counsel for Rose immediately wrote to advise the Court that, in his view, the Act provides for attorneys fees in precisely the type of case presented here. Rose requested fees of $30,386.33, which constitute fees earned in the instant action, the action before the New Jersey court, and the IRS administrative proceedings. In response the government argued that the Act was inapplicable because the case was no longer "pending" on the effective date of the Act, and that, in any event, the Court did not have authority to award fees for expenses in connection with the administrative proceedings before the IRS or for the New Jersey case. Furthermore, the government contends that its position was "substantially justified."

The question of pendency is a difficult one. On the effective date of the Act, two items were technically pending: the Fourth Counterclaim and the application for attorneys fees. The government argues that neither is sufficient to constitute "pendency" because the counterclaim was "frivolous" and because an application for fees is not alone sufficient to keep a case "pending" when the remainder has been resolved.

The question whether the pendency of an application for attorneys fees is sufficient to keep a case "pending" under the Act has been considered by two Courts of Appeals, which have reached opposite conclusions. *Compare United States for Heydt v. Citizens State Bank,* 668 F.2d 444 (8th Cir. 1982) (holding case was pending on effective date) *with Commissioners of Highways v. United States,* 684 F.2d 443 (7th Cir. 1982) (holding that case was not pending). Neither court elaborated on its reasoning at length; however, the Seventh Circuit noted, among other factors, that waivers of sovereign immunity (such as the United States' willingness under the Act to be sued for attorneys fees) are to be strictly construed.

 While it is true that waivers of sovereign immunity should be strictly construed, it is equally the case that the wording of a statute is to be given its plain, clear and common meaning in the absence of an indication to the contrary in the legislative history. *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). It was largely on this ground that Judge Prentice Marshall recently ruled that a case was pending for the purposes of the Act where the plaintiff had actually been granted summary judgment but the defendant's time for appeal had not elapsed. *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982).

 Further assistance in interpreting statutory language may be drawn from the interpretations of similar language in earlier, analogous legislation. The attorneys fees provision of the Civil Rights Acts, 42 U.S.C. § 1988, is such a statute. Under its provisions an action has been held to be pending solely on the basis that an appeal from a denial of an application for attorneys fees had been filed prior to the effective date. *See Taylor v. Sterrett,* 640 F.2d 663 (5th Cir. 1981) and the cases cited therein.

 On the effective date of the Act, an application for attorneys fees remained

undecided, and, although the parties had apparently agreed to settlement terms regarding the remainder of the case, no order of dismissal had been entered.[1] In sum, giving the word "pending" its plain, clear and common meaning, the instant action was pending on October 1, 1981.

However, the government is correct that the administrative proceedings before the IRS and the New Jersey action were *not* pending, and that, in any event, this is not the appropriate forum in which to secure attorneys fees in connection with those actions. In particular, the Act requires that a party exhaust administrative remedies prior to turning to the court for fees in connection with litigation before an agency: 5 U.S.C. § 504(a)(2) (a "party seeking an award of fees ... shall, within 30 days of a final disposition ... submit to the agency an application which shows that the party is a prevailing party.")

Accordingly, we hold that Rose may seek attorneys fees for legal work performed in connection with the instant action, but not with respect to work performed in connection with the agency proceedings or the New Jersey action. The government may have twenty days from the date of this memorandum to submit affidavits supporting its contention that its actions were "substantially justified," and the plaintiff shall answer within ten days.

It is so ordered.

---

1. With respect to the Fourth Counterclaim, we need not reach the question whether it is frivolous: we do not believe that in using the word "pending" Congress intended that the courts should become involved in determining the substantiality of the claims which existed on the effective date.