**UNITED STATES of America, Plaintiff,**

v.

**Jack J. ROSE and A. Raymond Bessette, Stephen J. Scheffer, and Wallace C. Kemper, Defendants.**

**No. 80 Civ. 2925(MEL).**

United States District Court,
S.D. New York.

May 19, 1983.

See also, D.C., 549 F.Supp. 830.

John S. Martin, Jr., U.S. Atty. S.D.N.Y., New York City, for plaintiff; Twila L. Perry, Asst. U.S. Atty., New York City, of counsel.

Butler, Fitzgerald & Potter, New York City, for defendant Jack J. Rose; Raymond Fitzgerald, New York City, of counsel.

LASKER, District Judge.

This is a motion for attorneys' fees under the recently-enacted Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), which went into effect on October 1, 1981. The EAJA provides, *inter alia,* that a prevailing party in an action against the United States may recover attorneys' fees unless the position of the government was "substantially justified" or unless the award would be "unjust" due to "special circumstances."

In 1976, the government began an investigation into the payroll tax liabilities of Network Cinema Corporation. Jack Rose, the company's executive vice president for the periods in question, was believed to be "responsible" for the company's payroll tax liabilities under 26 U.S.C. § 6672. Rose ap-

peared at "several district and regional level administrative hearings" in connection with his alleged tax liability. (Affidavit of Jack Rose, ¶ 3). At the time, Rose did not have access to the company's records, which were in the hands of the trustee in bankruptcy. However, when the records became available in 1978, Rose sent the government copies of the cancelled checks for the disputed periods, along with an explanation of the accounting system utilized and a schedule specifying which checks were for which periods. (Attached as Exhibit A to Rose Affidavit).

The government denied Rose's claim for adjustment of assessed penalties, and, in 1979, Rose brought an action for an abatement in the District of New Jersey, *Rose v. United States,* Civ. No. 79–3595. In May, 1980 the government filed the present action against Rose for collection of the same tax liabilities.[1]

On January 30, 1981, Rose was deposed. At the conclusion of the deposition, the government attorney, Stephen Lyons, "concluded that Mr. Rose was not liable for the taxes in question." (Affidavit of Assistant United States Attorney Stephen Lyons, ¶ 6). Immediately after the deposition, Lyons recommended "concession of the New Jersey action based primarily on that deposition," and, a short time later, the United States Attorney for this district was instructed to dismiss the instant action against Rose.

Rose seeks attorneys' fees under the EAJA. In a prior decision, 549 F.Supp. 830, we ruled that the present action was pending on the effective date of the Act, but that the New Jersey action and the administrative proceedings before the Internal Revenue Service were no longer pending on that date and, accordingly, that attorneys fees were available under the EAJA only for fees incurred in connection with the present action.

The government argues that it was "substantially justified" in commencing this action, but that, even if the Court were to rule that the action was not substantially justified, attorneys' fees are available only for work performed subsequent to the effective date of the EAJA. In addition, the government argues that the fees requested are excessive.

Rose responds: that the government had no basis for bringing the action; that if a suit is pending on the effective date of the EAJA, all fees incurred in connection with the action are compensable; and that the fees requested are reasonable.

■ As indicated above, the EAJA provides for an award of attorneys' fees to a party prevailing against the government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government has the burden of establishing that its position was substantially justified. *S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Commission,* 672 F.2d 426, 430 (5th Cir.1982). The test of whether the government's position was substantially justified is " 'essentially one of reasonableness.' " *S & H Riggers, supra,* at 430, *quoting* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11 (1980), *reprinted in* 1980 U.S. Code Cong. & Ad.News 4953, 4989.

■ According to the government attorney responsible for the action, the government decided to dismiss its entire claim against Rose at the conclusion of his deposition. Rose asserts that everything he said at the deposition he had repeatedly told the government prior to their institution of the action. (Rose Affidavit ¶ 5). There had been several administrative hearings, and, moreover, the government had had copies of the cancelled checks since 1978.

The government does not deny that the administrative hearings took place and that,

---

1. The government contends that its reason for filing a separate action was that the Southern District of New York was the only forum in which jurisdiction could be obtained against all of the potentially responsible persons. Rose asserts that the government had no choice but to file a separate action because it neglected to file a timely counterclaim for collection in the New Jersey action.

at the hearings, Rose presented all of the same facts that he set forth at the deposition. The government's response is that the deposition "revealed certain matters that were not available in the administrative file" and also gave the Assistant United States Attorney an opportunity to "observe the demeanor of Mr. Rose." (Lyons Affidavit, ¶ 6).

The government does not assert that it learned any new facts at the deposition. It asserts only that certain facts "were not available in the administrative file." (Lyons Affidavit, ¶ 6). Whatever that may mean, it does not appear to be attributable to Rose, and, whether it refers to an inadequacy in the administrative filing system or some other recordkeeping problem, it does not constitute "substantial justification."

As to the government's contention that the deposition afforded an occasion to observe Rose's demeanor, the government had ample opportunity to observe him at the various administrative hearings held prior to the filing of the complaint, and the observation at the deposition would seem to have been of marginal significance.

Accordingly, we conclude that the government has not carried its burden of demonstrating that it was substantially justified in bringing the instant action.

With respect to the government's contention that the Act covers only work performed after the effective date, we find persuasive the conclusion of the District Court for the District of Columbia that the EAJA should be interpreted consistently with similar attorneys' fees statutes, which have been held to apply to *all* services rendered in actions pending on the effective date of the respective acts. *Photo Data, Inc. v. Sawyer*, 533 F.Supp. 348, 351 n.5 (D.D.C.1982) and cases cited therein. Moreover, there is nothing noteworthy about the effective date provision of the EAJA: it simply provides that the act becomes effective on a particular date and applies to civil actions "pending on or commenced on or after, such date." 28 U.S.C. 2412 (note). In the absence of some language to indicate that the Act was intended to reimburse only for services rendered after its effective date, we believe that the statute should be given its plain meaning, and that a case either qualifies in whole or not at all.

For the reasons stated above, the motion for attorneys' fees is granted.

Submit judgment on notice with attachments substantiating the hours expended.

It is so ordered.