**CENTRAL MIDWEST INTERSTATE LOW–LEVEL RADIOACTIVE WASTE COMMISSION, Plaintiff,**

v.

**Hazel O'LEARY, Secretary of Energy, Defendant.**

No. 93–3131.

United States District Court, C.D. Illinois, Springfield Division.

Jan. 24, 1995.

Lance T. Jones, Thomas R. Lamont, Eric M. Schwing, Babette P. Salus, Springfield, IL, for plaintiff.

James A. Lewis, Asst. U.S. Atty., Springfield, IL, Marcia K. Sowles, Dept. of Justice, Civ. Div., Washington, DC, for defendant.

*Opinion*

RICHARD MILLS, District Judge:

Is the Plaintiff Commission a *"party"*?

The legislative history leads us to say NO.

This cause is before the Court on Plaintiff's Petition For Attorney's Fees and Costs Under The Equal Access To Justice Act. But Defendant contends—inter alia—that

the Plaintiff is not entitled to relief because Plaintiff is not a "party" as defined in 28 U.S.C. § 2412(d)(2)(B).

## I. *Background*

The Central Midwest Interstate Low–Level Radioactive Waste Commission (Commission) is the governing body for the Central Midwest Interstate Low–Level Radioactive Waste Compact (Compact). The Compact is an agreement between the State of Illinois and the Commonwealth of Kentucky to safely provide "sufficient facilities for the proper management of low-level radioactive waste generated in the region." 45 ILCS 140/1, art. I(a)(2).

The Compact is officially recognized by Congress as a program capable of protecting the public health and safety in both Illinois and Kentucky as it relates to low-level radioactive waste.[1] Low–Level Radioactive Waste Policy Amendments Act of 1985, Pub.L. No. 99–240, § 224, 99 Stat. 1880–1892 (1986).

The Commission was funded initially by both states contributing $50,000. *Id.* at 99 Stat. 1885. Subsequently, the Commission was supposed to be funded by each state levying a surcharge on users of a low-level radioactive waste facility and turning over most of the surcharge to the Commission. *Id.* However, as of yet, no storage facility has been opened.

Plaintiff/Intervenors, Commonwealth Edison and Illinois Power, are generators of most of the radioactive waste in Illinois.

Under 42 U.S.C. § 2021e(a) & (d), states and compacts that have low-level radioactive waste storage facilities can charge waste generators of other states, such as Commonwealth Edison and Illinois Power, extra fees and deposit 25% of these fees in trust with the Department of Energy.

Pursuant to the statute, if by January 1, 1993, a state or compact whose utilities previously exported waste was "able to provide for the disposal of all low-level waste generated within such . . . compact region," the Department of Energy was required to remit the 25% escrow fund to the state or compact within 30 days. 42 U.S.C.

§ 2021e(d)(2)(B)(iv). However, if the state from which the waste originated was unable to provide for the disposal of its own radioactive waste by January 1, 1993, then the funds held in trust were supposed to go back to the generators of the waste over a thirty-six month period. 42 U.S.C. § 2021e(d)(2)(C). If during the thirty-six month period the state or compact provides for disposal, then the state or compact is entitled to a lump-sum payment of the remaining balance. *Id.*

In order to satisfy the January 1, 1993, target date, the Compact—instead of developing a safe disposal facility—entered into an agreement with another compact, Southeast Interstate Waste Compact, for disposal through June 30, 1994.

On January 31, 1993, the Department of Energy failed to make any payments. Approximately six months later, on June 4, 1993, the Compact filed a Complaint seeking declaratory and injunctive relief. Thereafter, Commonwealth Edison and Illinois Power intervened seeking the disputed funds.

On March 25, 1994, the Department of Energy issued its final decision concerning the funds. It held that the Compact was entitled to receive a lump-sum payment of one-half of the disputed fund, with the balance to be paid to the waste generators on a monthly basis for the remaining thirty-six months unless the Compact was able to continue its contract with Southeast Interstate Waste Compact through January 1, 1996.

This Court upheld the legality of the Department of Energy decision. *Central Midwest Interstate Low–Level Radioactive Waste Commission v. O'Leary,* 858 F.Supp. 114 (C.D.ILL.1994).

## II. *Analysis*

As a prerequisite to being able to obtain attorney's fees and costs pursuant to the Equal Access To Justice Act, 28 U.S.C. § 2412, Plaintiff must fit into the definition of a "party" as defined in 28 U.S.C. § 2412(d)(2)(B). According to that statute, a party is:

(i) an individual whose net worth did not exceed $2,000,000 at the time the civil ac-

---

**1.** 42 U.S.C. § 2021d(a)(2)(A) authorizes states to enter into compacts.

tion was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which did not have more than 500 employees at the time the civil action was filed; ....

28 U.S.C. § 2412(d)(2)(B).

■ Plaintiff maintains that it is a party because it was an organization with a net worth of less than $7,000,000 at the time it filed the Complaint. In support, it filed an affidavit showing assets of much less than $7,000,000.

Conversely, Defendant contends that Plaintiff is not an "organization" for purposes of the statute. More specifically, Defendant maintains that states are ineligible for fees under the statute, *State of Louisiana ex rel. Guste v. Lee*, 853 F.2d 1219, 1223 (5th Cir. 1988), and that the Seventh Circuit has rejected a similar "organization" argument in *Commissioners of Highways of the Towns of Annawan, et al. v. United States*, 684 F.2d 443 (7th Cir.1982).

The term "unit of local government" was added to 28 U.S.C. § 2412(d)(2)(B) in the Equal Access To Justice Act, Extension And Amendment, Pub.L. No. 99–80, § 1, 99 Stat. 183 (1985). The relevant legislative history to the amendment states:

[T]he term includes any general or special purpose district organized under State law (such as a school district, sewer district, irrigation district or planning district). Of course, only smaller governmental units and special-purpose districts would meet the $7,000,000 net worth and 500 employee maximum threshold requirements under the Equal Access to Justice Act.... The terms "corporation" and "organization" in the existing law, have, for the most part, been interpreted by Federal departments and agencies to be limited to small, private businesses and not to include governmental bodies....

Small units of local government which otherwise meet the net worth and employee size limitations of the Equal Access to Justice Act should be eligible to be reimbursed for their legal fees and other expenses unless the position of the United States is determined to be "substantially justified."

1985 U.S.C.C.A.N. 132, 143.

■ In other words, both the case law and legislative history suggest that state governmental bodies are not "organizations" for purposes of the statute. *See Commissioners of Highways of the Towns of Annawan, et al v. United States*, 684 F.2d 443, 445 (7th Cir.1982). However, the legislative history makes clear that certain state bodies—special purpose districts—qualify as local governmental entities. 1985 U.S.C.C.A.N. 132, 143. Thus, the question becomes does the Compact qualify as a special district?

The problem with equating the Compact with a special purpose district is three fold. *First*, the Compact, unlike a special purpose district, required congressional authorization before it could function. 42 U.S.C. § 2021d. *See New York v. United States*, —— U.S. ——, ——, 112 S.Ct. 2408, 2415, 120 L.Ed.2d 120 (1992). *Second*, unlike a special purpose district, the Compact essentially functions as a substitute for the State of Illinois and the Commonwealth of Kentucky. In other words, all the federal statutory scheme does is give each State the option of acting alone or combining with other states to dispose of low-level radioactive waste. 42 U.S.C. § 2021c(a)(1). *Finally*, although not totally different from a special purpose district, the Compact potentially has access to all the tax dollars of the State of Illinois and the Commonwealth of Kentucky. *See* 420 ILCS 20/14(a)(4).

### III. *Conclusion*

The bottom line is that the Compact essentially is a combined agency of the State of Illinois and the Commonwealth of Kentucky both of which do not qualify under 28 U.S.C. § 2412(d)(2)(B). Therefore, the Compact is not a "party" for purposes of the statute.[2]

---

**2.** Because the Court finds that the Compact is not a party under 28 U.S.C. § 2412(d)(2)(B), the Court declines to address whether or not the

Compact was a prevailing party, whether the position of the Department of Energy was substantially justified, and whether the Compact ad-

*Ergo,* Plaintiff's Petition for Attorney's Fees and Costs is DENIED.

SO ORDERED.

CASE CLOSED.

equately supported its request for attorneys' fees    and costs.