**TABCOR SALES CLEARING, INC., Plaintiff,**

v.

**DEPARTMENT OF the TREASURY, Defendant.**

No. 78 C 2673.

United States District Court, N. D. Illinois, E. D.

June 8, 1979.

Sheldon R. Waxman, Chicago, Ill., for plaintiff.

Thomas P. Sullivan, U. S. Atty., Narda Cisco, Asst. U. S. Atty., Chicago, Ill., Mikal H. Frey, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION

MARSHALL, District Judge.

In this Freedom of Information Act (FOIA) case, plaintiff seeks production of a document in the possession of the Department of the Treasury.[1] Our jurisdiction is predicated upon 28 U.S.C. § 1361. The document is an intra-agency memorandum describing and commenting upon proposals to modify the definition of the employer-employee relationship under § 3121(b) and § 3401(c) of the Internal Revenue Code. The Treasury Department denied plaintiff's FOIA request, contending that the memorandum is exempt from disclosure under the fifth exemption in the FOIA, contained in 5 U.S.C. § 552(b). After plaintiff brought this action, defendant submitted the document for *in camera* inspection and moved for summary judgment. This motion is now pending.

Exemption (b)(5) provides that an agency need not disclose:

> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

The agency relying upon the exemption has the burden of showing that a court would not normally order production of the documents in the course of the discovery process. *See* 5 U.S.C. § 552(a)(4)(B); *Benson v. GSA*, 289 F.Supp. 590, 596 (W.D.Wash. 1968), *aff'd* 415 F.2d 878 (9th Cir. 1969). The three theories for non-discoverability generally relied upon by the government are the attorney work-product privilege, the attorney-client privilege, and the executive privilege. If the agency satisfies its burden, then the plaintiff must come forward with a theory under which the documents would be discoverable. *Benson v. GSA, supra.*

We need only consider the scope of the executive privilege here. The Supreme Court has noted that the (b)(5) exemption is designed to allow for "disclosure of all opinions and interpretations which embody the agency's effective law and policy, and the withholding of all papers which reflect the

---

1. Although plaintiff's memorandum in opposition to defendant's motion for summary judgment indicates that plaintiff also seeks disclosure of other documents in the possession of the Treasury Department, plaintiff's complaint clearly applies only to the one document. If plaintiff wishes to obtain other documents, it will have to bring a separate action.

agency's group thinking in the process of working out its policy and determining what its law [ought to] be." *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132, 153, 95 S.Ct. 1504, 1518, 44 L.Ed.2d 29 (1975), *quoting* Davis, *The Information Act: A Preliminary Analysis*, 34 U.Chi.L.Rev. 761, 797 (1967). *See also* K. Davis, *Administrative Law Treatise*, § 5:33 at 405 (1978). Courts often implemented this policy by applying a fact-opinion dichotomy. On the one hand, purely factual or investigative matters were subject to disclosure, unless they were "inextricably intertwined with policymaking processes." *Soucie v. David*, 145 U.S. App.D.C. 144, 155, 448 F.2d 1067, 1078 (1971). On the other hand, communications "consisting of advice, recommendations, opinions, and other material reflecting deliberative or policymaking processes" were exempt. *Id.* at 1077. This fact-opinion test was modified by the Supreme Court's decision in *NLRB v. Sears Roebuck, supra.* In *Sears* the Court indicated that predecisional communications, which are designed to aid in the formulation of the decision, should be privileged. *Id.* at 151–52. Postdecisional communications have no effect on the quality of the decisionmaking process and should be released. *Id.* Under this interpretation of the scope of the privilege, even factual communications, so long as they are predecisional, are exempt. Some courts have read *Sears* narrowly in order to retain the fact-opinion test. *See, e. g. Vaughn v. Rosen*, 173 U.S.App.D.C. 187, 523 F.2d 1136 (1975); B. Mezine, J. Stein, J. Gruff, *Administrative Law* § 10.06[3] at 10–36 (1979).

■ We need not concern ourselves with determining which is the applicable test, because under either the fact-opinion or the predecisional-postdecisional dichotomies the document at issue here is privileged. It was written in contemplation of amendments to the Internal Revenue Code and contains the author's opinion regarding the desirability and feasibility of the proposed amendments. The document is a communication written in the process of the Treasury Department's determination of what position the Department should take regarding the amendments. The document is clearly both predecisional and opinionative. The document is thus privileged and exempt under (b)(5). Plaintiff has not proposed any theory under which the document would be discoverable. Therefore, defendant's motion for summary judgment is granted. Judgment will enter dismissing plaintiff's complaint.

The document in question will be returned to defendant. In the event a notice of appeal is filed defendant will submit the document under seal to the Clerk for transmission to the Court of Appeals.