**UNITED STATES of America For Jon P. HEYDT, Special Agent, Appellee,**

v.

**CITIZENS STATE BANK, Armin Moths and United States Taxpayers Union, Appellants.**

No. 80–2192.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1981.

Decided Jan. 15, 1982.

Gregory G. Petersen & Associates by Gregory G. Petersen, Lee A. Morrison, San Diego, Cal., for appellants.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, William A. Friedlander, Farley P. Katz, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee; James R. Britton, U.S. Atty., Fargo, N.D., of counsel.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and COLLINSON,* Senior District Judge.

McMILLIAN, Circuit Judge.

This is an appeal by Armin Moths and the United States Taxpayers Union (USTU) from a denial of attorney's fees and costs requested under the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988,

entered in the District Court[1] for the District of North Dakota. For reversal appellants argue that the district court erred in finding that they were not prevailing parties under the statute. Appellants also argue that based on policy considerations they should not have the burden of showing that the government acted in bad faith. For the reasons discussed below, we affirm the holding of the district court.

The pertinent facts of the underlying action are not in dispute. Appellant Moths is a member and officer of the USTU, an organization opposed to the current operation of the Internal Revenue Service (IRS) and committed to effecting changes in the federal taxation system. In 1979, the IRS became aware that appellant Moths had not filed a complete federal income tax return since 1968 and initiated an investigation to determine his potential tax liability for the years 1974–1978. During its investigation the IRS discovered bank accounts in Moths' name and in the name of USTU over which Moths had signature authority in Citizens State Bank (Bank). The IRS issued a summons, pursuant to 26 U.S.C. § 7602, directing the Bank to appear before an IRS agent and produce all bank records relating to the accounts of Moths and the USTU. The Bank failed to appear and the IRS brought an action to enforce the summons. Moths and the USTU intervened, claiming that the release of the documents would disclose the names of USTU members and violate their first amendment right to free association. Following a show cause hearing, the district court ordered that the summons be enforced, finding it to have been issued in good faith and for a proper purpose.

Moths and the USTU appealed. This court held that the district court erred in refusing to consider appellants' first amendment claim. *United States v. Citizens State Bank*, 612 F.2d 1091, 1093 (8th Cir. 1980). The case was remanded to the district court to determine, first, whether compelled dis-

---

* The Honorable William R. Collinson, United States Senior District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

closure of all the summoned records would adversely affect appellants' freedom of association, and, if so, whether the IRS could nevertheless establish a compelling need for all the documents. Any records that would not have adverse first amendment implications could be released to the IRS. *Id.* at 1094.

Respective counsel for the parties then agreed to a procedure whereby all the summoned records were deposited with the court, under seal, and counsel simultaneously reviewed the documents. Documents deemed pertinent to a determination of Moths' financial status which did not reveal the identities of USTU members were released to the IRS. As a result of the agreement, the enforcement action was dismissed and no judicial determination concerning the first amendment claim was reached.

Appellants subsequently moved for attorney's fees and costs. The district court denied the claim based on its finding that appellants were not prevailing parties under the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988.[2] *United States v. Citizens State Bank*, No. A2–79–89, slip op. at 2 (D.N.D. Dec. 10, 1980).

While the present appeal was pending, Congress enacted the Equal Access to Justice Act (Act), Pub.L.No.96–481, § 201–08, 94 Stat. 2325 (1980), (amending 28 U.S.C. § 2412). The Act became effective on October 1, 1981, and applies to civil actions pending on, or commenced on or after, that date. 28 U.S.C.A. § 2412 (West Supp.1981). The Act amends the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988, by deleting the language providing for recovery of attorneys' fees in government-instituted tax suits. 42 U.S.C.A. 1988 (West. Supp.1981). The legislative history of the Act states that "[t]he deletion of this section is required because it is intended that cases arising under the internal revenue laws be covered by the provisions of 2412(d)

of title 28 as added by this bill." H.R.Rep. No.96–1418, 96th Cong., 2d Sess. 19, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4953, 4998 (House Report).

 An appellate court must apply the law in effect at the time it renders its decision unless there is some indication to the contrary in the statute or its legislative history or unless manifest injustice would result. *Bradley v. School Board*, 416 U.S. 696, 711–16, 94 S.Ct. 2006, 2016–19, 40 L.Ed.2d 476 (1974); *Thorpe v. Housing Authority*, 393 U.S. 268, 281–83, 89 S.Ct. 518, 525–27, 21 L.Ed.2d 474 (1963). *See Payne v. Panama Canal Co.*, 607 F.2d 155, 163 (5th Cir. 1979) (petitioner's claim for backpay decided under 1978 amendments to applicable statute which were enacted while the case was pending on appeal). In the present case the Act explicitly states that it is applicable to cases pending on October 1, 1981. We conclude that no manifest injustice will result from consideration of appellants' request for attorney's fees under 28 U.S.C.A. § 2412(d)(1)(A) (West Supp.1981), which provides for the recovery of attorney's fees against the United States in all civil actions (except tort actions) by the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The Act has incorporated the standards developed by the courts for defining prevailing party. House Report, *supra*, at 4990.

The district court found that appellants were not prevailing parties because they agreed to comply with the summons and submit all documents relevant to Moths to the IRS. Memorandum Opinion at 2. On appeal appellants argue that they were successful on their claim because the scope of the summons was narrowed and no documents having the potential of revealing the identities of USTU members were released.

---

**2.** 42 U.S.C. § 1988 previously provided in relevant part (emphasis supplied):

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title ... *or in any civil action or proceeding by or on behalf of the United*

*States of America, to enforce, or charging a violation of, a provision of the United States Revenue Code, ...* the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In response the IRS argues that both parties were prevailing parties because none of the documents that it determined to be helpful to its investigation of Moths during the post appeal review of the documents was opposed by appellants. We believe that appellants' argument has merit.

█ The phrase "prevailing party" should not be limited to a victory only after entry of a final judgment following a full trial on the merits. A party may be deemed prevailing if he or she obtains a favorable settlement of the case, *Foster v. Boorstin*, 561 F.2d 340 (D.C.Cir. 1977), if the plaintiff has sought a voluntary dismissal of a groundless complaint, *Corcoran v. Columbia Broadcasting Co.*, 121 F.2d 575 (9th Cir. 1941), or even if he or she does not ultimately prevail on all issues, *Bradley v. School Board, supra*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476.

In cases that are litigated to conclusion, a party may be deemed prevailing for purposes of a fee award in a civil action prior to the losing party having exhausted its final appeal. A fee award may thus be appropriate where the party has prevailed on an interim order which was central to the case, *Parker v. Matthews*, 411 F.Supp. 1059, 1064 (D.D.C.1976), aff'd, 561 F.2d 320 (D.C.Cir. 1977), or where an interlocutory appeal is "sufficiently significant and discrete to be treated as a separate unit," *Van Hoomissen v. Xerox Corp.*, 503 F.2d 1131, 1133 (9th Cir. 1974).

█ In the present case appellants successfully limited the scope of the summons. Appellants appealed the district court's enforcement order and achieved what they sought—anonymity for the members and contributors of the USTU. Under the applicable law we find appellants' argument that they were prevailing parties persuasive. However, even if appellants are prevailing parties, they are not entitled to recovery under the Act.

Initially we note that appellants would probably not have prevailed under 42 U.S.C. § 1988. In order to prevail under that statute appellants, as prevailing defendants, would had to have shown that "the Government's action was frivolous, harassing, vexatious, unreasonable, without foundation, or was instituted in bad faith." *Patzkowski v. United States*, 576 F.2d 134, 139 (8th Cir. 1978). Appellant did not allege this indispensable prerequisite but instead argued that they should be considered as prevailing plaintiffs and thereby not required to show bad faith on the part of the government. Compare *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (prevailing plaintiffs should ordinarily recover their attorney's fees unless special circumstances unjust), with *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 645 (1978) (prevailing defendants should recover fees only upon a finding that a plaintiff's action was frivolous, unreasonable or without foundation). We need not decide appellants' novel argument but note that the majority of courts have not applied the liberal approach followed in awards of attorney's fees to prevailing civil rights plaintiffs to taxpayer defendants. See *Patzkowski v. United States, supra*, 576 F.2d at 138 n.3. We also note that the vast majority of cases have denied recovery to taxpayer plaintiffs. *Id.* at 136 n.2 and cases listed therein.

Under the applicable Act, appellants cannot recover attorney's fees if the position of the United States was substantially justified. 28 U.S.C.A. § 2412(d)(1)(A) (West Supp.1981).

> The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its cause had a reasonable basis both in law and fact, no award will be made. In this regard, the strong deterrents to contesting Government action require that the burden of proof rest with the Government. . . .

> The standard, however, should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that

its decision to litigate was based on a substantial probability of prevailing. Furthermore, the Government should not be held liable where "special circumstances would make the award unjust." This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts . . . .

*House Report, supra,* at 4989–90.

In the present case IRS had received allegations that Moths had not filed a tax return since 1968, that he had received weekly payments from USTU and that he had embezzled money from USTU. To determine whether Moths was in fact receiving money from USTU, the IRS summoned all the records of any accounts over which Moths had signatory power. At the initial show cause hearing the IRS introduced evidence demonstrating that the summons satisfied the requirements set forth in *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), and thereby met its burden for enforcement.[3] Appellants did not attempt to "disprove the actual existence of a valid civil tax determination or collection purpose" by the IRS. *United States v. LaSalle National Bank,* 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978).[4] The district court found that the summons had been issued in good faith and for a proper purpose. Appellants did not challenge that finding in their first appeal. *United States v. Citizens State Bank, supra,* 612 F.2d at 1093. Therefore, we conclude, based upon the law of the case, that although appellants successfully narrowed the scope of the summons, the IRS met its burden of showing that it was substantially justified in attempting to enforce the summons.

3. Under *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964), the IRS need only show "that the investigation is pursuant and relevant to a legitimate purpose; that the information is not clearly in the IRS' possession; that the Secretary or his delegate has determined that a further examination is necessary; and that the Code has

The judgment of the district court is affirmed.

been followed . . ." to have a summons enforced.

4. Under *United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 316, 98 S.Ct. 2357, 2367, 57 L.Ed.2d 221 (1978), those opposing enforcement of a summons bear the burden of disproving the existence of a valid tax determination or collection purpose by the IRS.