**TABCOR SALES CLEARING, INC.,**
**Plaintiff-Appellant, Cross-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellee, Cross-Appellant.**

**Nos. 81–1827, 81–1898, 82–2926 and 82–3007.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 12, 1983.

Decided Dec. 2, 1983.

Shelly Waxman, Chicago, Ill., for plaintiff-appellant, cross-appellee.

Kristina E. Harrigan, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee, cross-appellant.

Before PELL, COFFEY, Circuit Judges, and NEAHER, Senior District Judge.*

NEAHER, Senior District Judge.

These appeals, consolidated by the Court's order of December 17, 1982, arise from a judgment of the district court awarding Tabcor Sales Clearing, Inc. (Tabcor), five thousand dollars ($5,000.00) in costs and attorney's fees.

The genesis of the dispute was a tax refund suit by Tabcor in which the United States counterclaimed to recover an unpaid portion of a tax assessment. The underlying problem of whether some of Tabcor's personnel were independent contractors, not subject to tax, or employees, subject to tax, has generated a multitude of litigation. *United States v. Dema,* 544 F.2d 1373 (7th Cir.1976) (the dissenting opinion of Chief Judge Markey, 544 F.2d at 1378, details the facts); *Tabcor Sales Clearing, Inc. v. Department of Treasury,* 471 F.Supp. 436 (N.D.Ill.1979); *Dema v. Feddor,* 470 F.Supp. 152 (N.D.Ill.1979), aff'd, 661 F.2d 937 (7th Cir.1981). Through section 530 of the Revenue Act of 1978, Public Law 95–600, Congress settled the issue in the taxpayer's favor; thus the government consented to a

judgment and, subsequently, Tabcor sought costs and fees. We turn first to the government's contention that the district court erred in awarding costs and fees.

### I.

We find that the district court erred in awarding costs and fees based upon the record before it. Accordingly, we vacate the judgment and remand the case for further proceedings consistent with this opinion.

The appropriate standard of review is stated in *Holcomb v. United States,* 622 F.2d 937, 942 (7th Cir.1980):

"The first question to be resolved in this matter is whether [42 U.S.C.] § 1988 is applicable to the counter-claim. That section, literally applies to actions by or on behalf of the government, and the courts, in general have held the statute not applicable to suits instituted by taxpayers to obtain refunds.

"But where, as here, the government has responded with a counter-claim, there has been held to be an action 'by or on behalf of the United States,' and § 1988 is applicable.

"Although § 1988, by its terms, leaves the decision to award attorney's fees to the discretion of the trial court, the courts have held that attorney's fees are appropriate only where the government's action was instituted in bad faith or was frivolous, harassing, or vexatious." (Citations omitted.)

Applying this standard of review, the district court ruled as follows:

"To illustrate the unreasonable nature of the government's conduct in the matter at bar, Tabcor points to the assessment, for the tax year 1970, forming the basis of the defendant's counterclaim. The assessment for 1970 was $143,000, as compared to the plaintiff's total gross income for that year of $89,000.

* The Honorable Edward R. Neaher, Senior District Judge for the Eastern District of New York, is sitting by designation.

"Without more, these figures do not, as the plaintiff contends, provide a basis of comparison sufficient to allow this court to determine, with relative certainty, whether the government's counterclaim was reasonable. These figures do, however, suggest that the assessment was excessive, and this suggestion is strengthened further by the fact that the government has offered no explanation or objective reason for such a large assessment, either in its pleadings prior to judgment or subsequent to the consent decree being entered.

"That the government's actions can properly be considered unreasonable is further illustrated by the fact that the tax liens filed by the United States to secure its counterclaim were not released until nearly two years after the judgment in favor of Tabcor was entered. Although the defendant claims that the prolonged attachment of these liens was due to computer error, the fact remains that Tabcor was subject to them for their extended duration, and was forced to move this court twice to have the liens removed. In this type of situation, where a plaintiff must move for additional relief to enforce a judgment, an award of costs and reasonable attorneys' fees is proper. *Shakman v. Democratic Organization of Cook County,* 533 F.2d 344, 350 n. 9 (7th Cir.1976) [*cert. denied,* 429 U.S. 858, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976)]; *United States v. Greyhound Corp.,* 370 F.Supp. 881, 886 (N.D.Ill.1974)." Slip op. at 5–6 (footnote omitted).

Concerning the first factor the district court considered, the government contends that the court erroneously shifted the burden of proof. The district court merely determined that Tabcor's figures raised the inference of an excessive assessment. Given the lack of any contradicting evidence, the court understandably concluded that

these figures evidence the unreasonableness of the government's conduct as well as its motives. Standing alone, however, this finding cannot support the judgment. Had Congress not settled the issue, the government might have been entitled to collect some employment taxes from Tabcor; thus, the filing of the counterclaim would not in and of itself have been unreasonable, vexatious, or in bad faith. *See United States v. Rogers,* 649 F.2d 1117, 1128 (5th Cir.1981), *rev'd on other grounds,* —— U.S. ——, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983).

The government explains that the assessment was computed for 1970 based on Tabcor's 1971 records because Tabcor refused to make its 1970 books and records available for inspection. This assertion would not, by itself, have foreclosed a finding that the government's true motive for the assessment, given its size, was to punish Tabcor's refusal to waive the statute of limitations for 1970. *See Jones v. United States,* 613 F.2d 1311, 1313–14 (5th Cir.1980) (the government admitted that it had counterclaimed for an excessive amount as a bargaining device). The district court's opinion, however, merely mentions this issue and its possible validity in a footnote. It was clearly not a basis for the conclusion of unreasonable conduct by the government.[1]

Lastly, the government urges that this Court has found, in an earlier unpublished opinion in this litigation, that the failure to release the tax liens was "inadvertent" and "not in bad faith." We direct the district court to consult that opinion and to give such weight to that determination and the circumstances attendant to the making thereof as may be appropriate in determining Tabcor's entitlement to costs and fees.[2]

■ In summary, the record reveals that the only basis for the district court's award of fees and costs (finding of unreasonableness) may have been the size of the govern-

---

1. On remand, the district court may wish to explore this matter fully so as to arrive at a conclusion about its validity.

2. The district court correctly cited *Shakman, supra,* concerning seeking additional relief to enforce a judgment; however, *Shakman* only

authorizes costs and fees for seeking the additional relief, *id.* at 348; it does not convert the motion for additional relief into a basis for awarding costs and fees arising from the original judgment.

ment's counterclaim. The district court recognized that "more" was required; yet, we cannot be certain from its order that more was furnished or considered to support the judgment. *See Patzkowski v. United States,* 576 F.2d 134, 139 (8th Cir. 1978). Therefore, we remand the case for further proceedings consistent with this opinion. In so doing, we express no opinion upon Tabcor's entitlement to costs and fees; however, should the district court conclude on remand that Tabcor has established a right to costs and fees, we find, as explained below, that the award of $5,000.00 was not an abuse of discretion and should be affirmed.

## II.

■ Citing *Jones v. United States,* 505 F.Supp. 781 (E.D.Tex.1980) (on remand from *Jones v. United States, supra*), Tabcor first argues that the district court erred as a matter of law in limiting the fee award to work expended in defending the counterclaim. In *Jones,* the court ruled as follows:

"It is clear that were it not for the counterclaim, plaintiff would not be entitled to any fee award. The substance of the counterclaim and the plaintiff's claim overlapped, in that both involved the amount of tax due the government. To the extent that Jones' claim and the government's claim overlapped, the attorneys should be compensated. Furthermore, even if it were possible to separate the attorneys' work, the work should not be severed into 'issue parcels,' for the purpose of determining the fee award.

"The Fifth Circuit was aware that attorneys spent time on both the claim and the counterclaim, but did not limit the remand to fees incurred in defending the counterclaim. The Fifth Circuit impliedly required this result by remanding for an award of attorneys' fees for both the trial and appellate phases when the dismissal of the counterclaim was not appealed. It should be noted that most of the attorneys' fees requested in this case arose from the litigation of the attorneys'

fees issue. Thus, but for the government's counterclaim, most of the fees would not have been incurred." *Id.* at 784–85 (citations omitted).

Nothing in *Jones* precludes an allocation formula in awarding fees in this case, especially because the bulk of the fees there was allocable to proceedings supplemental derived from the government's counterclaim. We note that nonallocation is not the exclusive method for awarding fees under § 1988 in the Fifth Circuit. *Miller v. Carson,* 628 F.2d 346, 348 (5th Cir.1980). Moreover, the Supreme Court requires allocation between successful and unsuccessful claims. *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

In the instant context, we find no abuse of discretion in allocating the expenses of the litigation between the complaint and the counterclaim. As we noted in *Holcomb v. United States, supra,* the plaintiff's right to fees arises by virtue of judicial interpretation that the government's counterclaim is an action "by or on behalf of the United States." [3] If there had been no counterclaim, Tabcor would be entitled to no remuneration at all. Under these circumstances, exposing the government to liability for expenses arising from the complaint would contravene the rule that fees are borne by the litigants except where authorized by statute. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 263, 95 S.Ct. 1612, 1624, 44 L.Ed.2d 141 ("Congress itself presumably has the power and judgment to pick and choose among its statutes and to allow attorneys' fees under some, but not others."). Therefore, the district court did not err in limiting Tabcor's award to fees incurred from defending the counterclaim.

Tabcor next argues that the district court erred in not considering the time spent litigating the fees issue. The district court found counsel's bill of costs unenlightening:

"Tabcor's counsel, in this bill of costs, claims a total of 1,237 work hours in this matter. His affidavit in this regard,

---

**3.** The 1980 amendment, Public Law 96–481, removed this language from § 1988.

though, lacks such important specifics as the dates and nature of the work performed, information which is ordinarily supplied to the court in support of a bill of costs. Also, the number of hours claimed by plaintiff's counsel seems excessive in light of the time normally needed to defend against a counterclaim which was dismissed, and to take what are the necessary, but uncomplicated, steps required to enforce a judgment." Slip op. at 7 (citations and footnote omitted).

Given the lack of information supplied by Tabcor, we cannot say that the district court abused its discretion.[4] If time records are available on remand, as claimed in Tabcor's brief, we are left to wonder why they were not submitted along with the motion seeking costs and fees.

Lastly, under this heading, Tabcor, without any citation to the record, makes a vague allegation that the Internal Revenue Service attacked it because it litigated the position of the telephone sales industry concerning the aforementioned employee/independent contractor dispute. Assertedly, the district court failed to consider this "public interest" aspect of the case.

We fail to see the relationship between this assertion and the counterclaim. Simply put, whatever the public interest considerations, in a successful suit to recover a refund of employment taxes, the trial court does not abuse its discretion if it fails to award any fees or expenses related to obtaining a judgment upon the complaint. *Cf. Holcomb v. United States, supra.*

## III.

Tabcor next argues as follows:

"Tabcor requested that costs of $3,977.42 be taxed. The lower Court failed to provide for costs, See, e.g., *Delaney v. Capone,* 642 F.2d 57 (3rd Cir.1981) and *Parker v. Califano,* 443 F.Supp. 789 (D.D.C.1978)." Brief at 8.

The district court's order reads:

" ... it is hereby ordered that Tabcor Sales Clearing, Inc., be paid $5,000 by the defendant United States for the attorneys' fees and *costs* it [Tabcor] has incurred in connection with the matter at bar." Slip op. at 8 (emphasis added).

Consequently, we fail to comprehend a claim that costs were not awarded.

## IV.

■ Lastly, Tabcor argues as follows:

"Interest from the fees award and costs should run from December 7, 1978, because the Government appealed it, although it later dismissed its appeal. The order, which reserved fees, became *res judicata* on the issue of liability. See, e.g., *Gates v. Collier,* 636 F.2d 942 (5th Cir.1981)." Brief at 9.

The holding of *Gates* does not mandate an award of interest in this case, as the

---

4. The affidavit in support of fees states:

"2. That I [Tabcor's counsel] expended 861 hours in the representation of plaintiff in matters involving this case. Additional time will be utilized, it is assumed, in pursuit of this Motion."

The government suggests that the papers submitted by Tabcor's counsel were wholly inadequate, containing inflated figures and seeking recompense for irrelevant expenses. In *Brown v. Stackler,* 612 F.2d 1057, 1059 (7th Cir.1980), we stated:

"The statute here involved entrusts to the District Court discretion to determine the *quantum* of the fee to be awarded. Small as well as large fees are permissible. The court's discretion to determine the amount may in an appropriate case approach zero as a limit. Where, as here, the claim is obviously inflated to an intolerable degree, the remedy is plain, and the District Court properly pursued it.

"If, as appellant argues, the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they would have asked for in the first place. To discourage such greed a severer reaction is needful, and the District Court responded appropriately in the case at bar."

This option aside, the district court found that the inflation, a total in excess of one hundred ninety thousand dollars ($190,000.00), arose from Tabcor's mistaken belief that it was entitled to expenses other than those related to the counterclaim.

court there pointed out after a thorough discussion:

"In sum, we believe that § 1988 should be liberally construed to *permit* the awarding of interest on attorneys' fees." *Gates v. Collier,* 616 F.2d 1268, 1278 (5th Cir.1980), *rehearing granted,* 636 F.2d 942 (5th Cir.1981) (*per curiam*), *rehearing denied en banc,* 641 F.2d 403 (5th Cir.1981) (*per curiam*) (emphasis added, footnote omitted); *see Spain v. Mountanos,* 690 F.2d 742, 748 (9th Cir.1982).

There has been no showing that the district court abused its discretion in not awarding interest.

The judgment of the district court is vacated and remanded in part and affirmed in part.