**TABCOR SALES CLEARING, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 75 C 2401.

United States District Court, N.D. Illinois, E.D.

Oct. 29, 1984.

See also 7 Cir., 544 F.2d 1373; D.C., 471 F.Supp. 436; D.C., 95 F.R.D. 534.

Shelly Waxman, Robert K. Mayer, Shelly Waxman & Associates, Chicago, Ill., for plaintiff.

Thomas R. Jones, Tax Division, Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM AND ORDER

BUA, District Judge.

Before the Court is defendant's motion for summary judgment in this action by

plaintiff for attorneys' fees and costs. Plaintiff has also filed a motion to strike portions of defendant's motion for summary judgment. For the reasons stated herein, defendant's motion for summary judgment is granted in part and denied in part, and plaintiff's motion to strike is denied.

## I. FACTS

This action is one for attorneys' fees and costs arising out of a motion by plaintiff Tabcor Sales Clearing, Inc. ("Tabcor"). The underlying dispute originated as a tax refund suit by Tabcor in which the United States counterclaimed to recover an unpaid portion of a tax assessment. Through Section 530 of the Revenue Act of 1978, Public Law 95–600, Congress settled the issue in the taxpayer's favor; thus the government consented to a judgment and its counterclaim was dismissed in an order of December 8, 1978, in which the Court reserved the question of attorneys' fees.

In February of 1980, Tabcor complained that the Government still had liens outstanding even though final judgment had been entered. The Court denied Tabcor's motion for sanctions in an unpublished order entered on the docket on March 20, 1980. In the order, the Court accepted "the respondent's position that said liens were placed solely because of bureaucratic errors." The liens were released immediately following the Court's order.

Finally, on April 25, 1980, over sixteen months after entry of judgment, Tabcor's counsel filed a motion for determination and entry of judgment for reasonable attorneys' fees and costs. The claim was initially for $191,550, based upon 12,031 hours of work of which plaintiff's present counsel claims 861 hours. On March 23, 1981, the Court issued an order awarding Tabcor a total of $5,000 in attorneys' fees and costs. Tabcor appealed the order to the Seventh Circuit Court of Appeals and the U.S. cross-appealed.

On December 2, 1983, the Seventh Circuit decided that: (1) the district court should not have awarded costs and attorneys' fees based solely on the size of the counterclaim; (2) the district court should consult the earlier unpublished opinion regarding the outstanding tax liens and give that opinion and its surrounding circumstances such weight as is required; (3) the district court had discretion to allocate expenses of litigation between the complaint and the counterclaim; and (4) if Tabcor was entitled to attorneys' fees at all, that an award of $5,000 previously made by the district court was not an abuse of discretion and was affirmed. *Tabcor Sales Clearing, Inc. v. United States*, 723 F.2d 26 (7th Cir.1983).

This motion for summary judgment seeks to determine the remaining issues which have been remanded by the Court of Appeals.

## II. DISCUSSION

### 1. *Attorneys' Fees Under the Equal Access to Justice Act*

The Equal Access to Justice Act ("EAJA") permits an award of attorneys' fees to litigants who prevail in actions against the United States, unless the position of the United States was substantially justified or circumstances indicate that an award of attorneys' fees would be unjust. 28 U.S.C. § 2412(d)(1)(A), Pub.L. No. 96–481, § 208, 94 Stat. 2330 (1980). The EAJA became effective on October 1, 1981, and by its terms applies only to civil actions "pending on, or commenced on or after" that date. The EAJA amends the Civil Rights Attorneys' Fee Awards Act of 1976 (the "Act"), 42 U.S.C. § 1988, by deleting the language providing for recovery of attorneys' fees in government-instituted tax suits. 42 U.S.C. § 1988 (West Supp.1981); *see also United States for Heydt v. Citizens State Bank*, 668 F.2d 444, 446 (8th Cir.1982). The legislative history of the EAJA states that "[t]he deletion of this section is required because it is intended that cases arising under the internal revenue laws be covered by the provisions of 2412(d) of title 28 as added by this bill." H.R.Rep. No. 96–1418, 96th Cong., 2d Sess.

19, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4953, 4998 (House Report).

▓ The threshold question to confront is whether the present action meets the statutory requirement of the EAJA. Section 208 of the EAJA provides that it shall apply to "any civil action or adversary adjudication described in section 2412 of title 28, United States Code, which is pending on, or commenced on or after" October 1, 1981. A party contending for attorneys' fees under the EAJA must establish that the action was pending on this date before the EAJA becomes applicable. *Nichols v. Pierce,* 740 F.2d 1249, 1255 (D.C.Cir.1984). The Seventh Circuit Court of Appeals has held that, where the only aspect of the case was an appeal from the denial of an award of attorneys' fees, the case was not pending for purposes of the EAJA, which therefore did not apply. *Commissioners of Highways of Towns of Annawan v. United States,* 684 F.2d 443, 444–445 (7th Cir. 1982); *Berman v. Schweiker,* 713 F.2d 1290, 1301 (7th Cir.1983); *see also Nichols v. Pierce, supra.*

In *Commissioners of Highways,* the district court denied an application for attorneys' fees on March 5, 1981 and plaintiffs appealed. The Seventh Circuit found that the only matter pending in the case was the appeal from the denial of attorneys' fees by the district court. *Id.* at 444. This matter was insufficient to invoke coverage of the EAJA.

▓ In the present case, this Court granted the plaintiff's motion for attorneys' fees and costs in the amount of $5,000 on March 23, 1981. Both sides appealed the award and the Seventh Circuit rendered its opinion on December 2, 1983. *Tabcor Sales Clearing, Inc. v. United States, supra.* The only matter pending on October 1, 1981 was an appeal of the district court's award of attorneys' fees. Therefore, since this matter was not pending on October 1, 1981 for purposes of the EAJA, it will not apply here.

Plaintiff offers two cases for the proposition that the Court should apply the EAJA

as the law in effect at the time it renders its decision. *United States for Heydt v. Citizens State Bank,* 668 F.2d 444, 446 (8th Cir.1982); *Knights of the KKK v. East Baton Rouge,* 679 F.2d 64 (5th Cir.1982), *vacated* 454 U.S. 1075, 102 S.Ct. 626, 70 L.Ed.2d 609 (1981). In *Heydt,* the Eighth Circuit Court of Appeals applied the general rule that an appellate court must apply the law in effect at the time it renders its decision unless there is some indication to the contrary in the statute or unless manifest injustice would result. 668 F.2d at 446. The *Heydt* court held that no manifest injustice would result from the application of the EAJA, notwithstanding the October 1, 1981 effective date. The Eighth Circuit appears to have ignored its own general rule when it ignored the October 1, 1981 effective date as a threshold statutory requirement for the EAJA's application. As seen above, the Seventh Circuit chooses to give full effect to the plain meaning of the October 1, 1981 effective date. Therefore, the *Heydt* case law does not apply to this case.

In *Knights of the KKK,* the Supreme Court's action in vacating the opinion of the Fifth Circuit Court of Appeals is inconclusive here. While the order vacating the Fifth Circuit opinion mentions the EAJA, it expresses no opinion as to the EAJA's application in that specific case. Therefore, the order in the case of *Knights of the KKK* is not controlling in this case.

### 2. *Attorneys' Fees Under 42 U.S.C. § 1988*

The Civil Rights Attorneys' Fee Awards Act of 1976 provides in pertinent part that "... in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of a provision of the United States Internal Revenue Code, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs." 42 U.S.C. § 1988 (1976). The EAJA repealed the above language insofar as it applied to government-instituted tax suits. However, since the EAJA (Pub.L. 96–481) did not

become effective until October 1, 1981, any case completed before the effective date may invoke the pre-1980 amendment language of § 1988 as set out above. *See* 42 U.S.C.A. § 1988, Historical Note p. 155 (West 1981).

Where, as here, the government has responded with a counterclaim in a tax refund suit instituted by a taxpayer, there has been held to be an action "by or on behalf of the United States," and § 1988 is applicable. *Holcomb v. United States,* 622 F.2d 937, 942 (7th Cir.1980). Although § 1988, by its terms, leaves the decision to award attorneys' fees to the discretion of the trial court, the courts have held that attorneys' fees are appropriate only where the government's action was instituted in bad faith or was frivolous, harassing, or vexatious." *Tabcor Sales Clearing, Inc. v. United States,* 723 F.2d 26, 27 (7th Cir. 1983) (citing *Holcomb, supra* ). In its opinion remanding this action in *Tabcor Sales, supra,* the Seventh Circuit found that the filing of the government's counterclaim in itself was not unreasonable, vexatious or in bad faith and therefore could not be the sole grounds for an award of attorneys' fees under § 1988. *Id.* at 28; *see also United States v. Rogers,* 649 F.2d 1117, 1128 (5th Cir.1981), *rev'd on other grounds,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). The Court in *Tabcor Sales* directed this Court to make a finding as to whether the government's true motive for the excessive computation on its counterclaim was to punish Tabcor's refusal to waive the statute of limitations for its 1970 records. The Court finds that there is a genuine issue of material fact regarding the government's motive behind the filing of its counterclaim. Therefore, defendant's motion for summary judgment on the issue of bad faith is denied.

The government also seeks summary judgment limiting the amount of attorneys' fees and costs, if appropriate, to the $5,000 award previously determined by the Court. The Seventh Circuit in *Tabcor Sales, supra,* concluded that "... should the district court conclude on remand that Tabcor has established a right to costs and fees, we find, as explained below, that the award of $5,000 was not an abuse of discretion and should be affirmed." 723 F.2d at 29. In its explanation, the Seventh Circuit concluded that this Court properly allocated fees and costs between the complaint and the government's counterclaim. Therefore, defendant's motion for summary judgment to limit the amount of attorneys' fees and costs to $5,000 is granted. In addition, the Court finds that the issues of fees relating to the complaint and of fees relating to the counterclaim should be sharply drawn.

Therefore, only issues regarding fees relating to the counterclaim, *i.e.* the government's motive in filing it, are proper for the trier of fact in this case.

Finally, the Court finds that there is a genuine issue of material fact regarding the government's failure to remove its tax liens on Tabcor's property. This issue may have a bearing on the government's conduct in a bad faith determination. In addition, the unpublished order contained in the docket on March 20, 1980 fails to develop enough facts on this issue for the Court to conclude that there is no genuine issue of material fact regarding the government's failure to remove the tax liens.

### CONCLUSION

Defendant's motion for summary judgment is granted in pa.. and denied in part. The motion is granted on the issue of the amount of attorneys' fees and costs which may be granted to plaintiff. This amount is limited to $5,000. In addition, the motion is granted insofar as it seeks to limit the triable issues to fees relating to the government's counterclaim. The motion is denied on the issues of the bad faith determination in the counterclaim's filing and the failure to lift the tax liens.

IT IS SO ORDERED.