CATHERINE H. MOORE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moore v. Commissioner
Docket No. 15851-85.
United States Tax Court
T.C. Memo 1989-306; 1989 Tax Ct. Memo LEXIS 305; 57 T.C.M. (CCH) 790; T.C.M. (RIA) 89306; June 22, 1989; As corrected June 23, 1989 Richard F. McDivitt and Kevin D. Watley, for the petitioner. Bruce K. Meneely, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This case is before us on petitioner's motion for litigation costs pursuant to Rule 231 [1] and section 7430. [2]
*306 At the time the petition was filed in this case the following three issues remained unresolved: 1. Whether payments received by petitioner from her former husband were includible in her gross income as payments in the nature of support; 2. Whether petitioner's 1982 Federal income tax return omitted oil income from Sun Exploration and Production Company in the amount of $ 403.43; and 3. Whether petitioner's 1982 Federal income tax return omitted dividend income of $ 3,870. Respondent conceded the second issue in his answer filed in July of 1985. Petitioner conceded the third issue just prior to the trial of this case. Consequently, the single issue left to be resolved by this Court was the first issue relating to the nature of payments petitioner received from her former husband. Petitioner and her former husband, Harry Moore, were divorced in 1974. The parties executed an agreement, "Contract For Property Settlement and Alimony," which was incorporated into the divorce decree. The contract provided that petitioner was to receive certain specified personal property and her former husband was to receive all other assets. In addition, the contract provided that Harry *307 Moore was to pay petitioner, as "support alimony," $ 1,000,000. This sum was payable in 200 monthly installments of $ 5,000 each, with payments commencing in November of 1974. Mr. Moore made payments to petitioner totaling $ 60,000 for each of the years 1980 through 1982, the taxable years in issue. The parties treated the payments inconsistently from the outset. That is, petitioner did not include the payments in her gross income, and Harry Moore deducted the payments as alimony payments on his tax returns. From the outset of the examination of the returns for the taxable years in issue, petitioner and Harry Moore have been unable to agree on the proper Federal income tax treatment of the monthly payments petitioner received. Because of this inconsistent treatment, respondent issued statutory notices of deficiency to both petitioner and her former husband. Each filed a petition with this Court contesting respondent's determination. Respondent's motion to consolidate the two cases for purposes of trial, briefing, and opinion was granted. After the trial of this consolidated case, respondent accepted in his brief petitioner's position that the amounts she received from her former *308 husband were not includible in her gross income. Our resolution of this single issue is found in Moore v. Commissioner,T.C. Memo. 1989-49. In our decision, we held that the payments petitioner received were in the nature of property settlement payments and, as such, were not includible in her income for the years in issue. In her motion for litigation costs, petitioner contends that she was a prevailing party within the meaning of section 7430. Respondent argues in opposition to petitioner's contention and, in the alternative, argues that the $ 21,565.50 in costs sought by petitioner is unreasonable in amount. Section 7430(a) authorizes an award of reasonable litigation costs to the prevailing party in a tax case. [3] To be a "prevailing party," the taxpayer must establish, among other things, that "the position of the United States in the civil proceeding" was unreasonable or was not substantially justified. Sec. 7430(c)(2)(A)(i) [now sec. 7430(c)(4)(A) (i)]. [4] Thus, we must decide whether respondent's position "in the civil proceeding" was unreasonable. In deciding that issue we examine only the events occurring after the filing of the petition, i.e., *309 only the Government's in-court litigating position. Rutana v. Commissioner,88 T.C. 1329, 1332 (1987); Don Casey Co. v. Commissioner,87 T.C. 847, 861-862 (1986); Wasie v. Commissioner,86 T.C. 962, 967-968 (1986); Baker v. Commissioner,83 T.C. 822, 827 (1984), affd. on this point 787 F.2d 637, 641-642 (D.C. Cir. 1986). The circuit courts are divided on this matter. However, the Tenth Circuit, the court to which any appeal would lie in this case, has approved the position taken by this Court. [5]United States v. Balanced Financial Management, Inc.,769 F.2d 1440, 1450 (10th Cir. 1985). *310 Petitioner bears the burden of showing that respondent's position was unreasonable. Cf. Stieha v. Commissioner,89 T.C. 784, 790 (1987). In meeting this burden, petitioner must show that legal precedent does not reasonably support respondent's position given the facts available to this latter party. Cf. DeVenney v. Commissioner,85 T.C. 927, 930, (1985). Respondent's position need not be a guaranteed winner. The mere fact that respondent concedes the case does not automaticaly mean that his position in the civil proceeding was unreasonable or not substantially justified. Baker v. Commissioner,787 F.2d 637, 642 (D.C. Cir. 1986), vacating and remanding 83 T.C. 822 (1984); Sokol v. Commissioner, 92 T.C. (filed April 5, 1989). If we find that respondent's position was reasonable, it will be unnecessary for us to consider respondent's second contention that the amount sought in reimbursement is unreasonable. The Court has looked to the following factors to determine the issue of reasonableness: 1. Whether the government used the costs and expenses of litigation against its position to extract concessions *311 from the taxpayer that were not justified under the circumstances of the case; 2. Whether the government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation; and 3. Other factors as the Court finds relevant. Rutana v. Commissioner,88 T.C. at 1333; DeVenney v. Commissioner,85 T.C. at 930. While petitioner's memorandum in support of her motion for litigation costs states that respondent intended to extract concessions from her which were not justified and intended to harass her, the record in this case reflects that such is not the case. Respondent took an inconsistent position with respect to the alimony issue in order to protect the revenue. It was the inability of petitioner and her former husband to agree on the correct tax treatment of the monthly payments that necessitated the instant litigation. Respondent sought only a resolution of the issue which would be binding on the divorced couple. Noting this, we find that respondent maintained his determinations neither to extract concessions from petitioner nor to harass her. This Court has looked to the Equal Access *312 to Justice Act, 28 U.S.C. section 2412(d)(1)(A) (1982), to ascertain what "other factors" should be considered. Under the Equal Access to Justice Act, a successful litigant must show that the position of the United States was not "substantially justified." The litigation position of the United States is substantially justified if it has a reasonable basis in both fact and law. Rutana v. Commissioner,88 T.C. at 1333; Baker v. Commissioner,83 T.C. 822, 828 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986). In the brief in support of her motion for litigation costs, petitioner notes that the case which preceded her motion was one in which the law was clear. In his reply to her brief, respondent agreed that the preceding litigation did not involve a dispute as to the controlling law. Acknowledging this concession by both parties, we find that their true disagreement for purposes of this motion focuses on whether respondent's position that the amounts received by petitioner from her former husband were payments in the nature of alimony had a reasonable basis in fact. In her brief in *313 support of her motion, petitioner states, "On the contrary, the instant case is one in which the law is clear and which the facts, as shown by the face of the documents and the sworn testimony, are not subject to dispute and prove that the payments were for the property settlement." Here, petitioner acknowledges that sworn testimony was needed to adequately resolve the single issue presented in the preceding litigation. Such sworn testimony before this tribunal, however, was unavailable to respondent until the trial of this case. [6] Because sworn testimony was needed to clarify the factual dispute in this instance, respondent was not unreasonable in bringing petitioner to trial nor was his position in this civil proceeding unreasonable. In pursuing his litigation position through trial, respondent acted cautiously, giving due skepticism to facts not firmly established in a record not fully developed. Finally, we note our holding in Wickert v. Commissioner,T.C. Memo. 1986-277, affd. 842 F.2d 1005 (8th Cir. 1988), where we decided that it was not unreasonable for respondent to act to protect the revenue when faced with a "whipsaw" situation when this *314 situation was brought about by the inconsistent tax treatment by a taxpayer and his former spouse of post-divorce periodic payments. In summation, we find that petitioner has failed to show that respondent's preconcession theory was unreasonable and without substantial justification. Because petitioner has not met her burden, we consequently deny petitioner's motion for litigation costs in *315 toto. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. All section references, unless otherwise noted, are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year petitioner filed this motion for litigation costs. ↩
2. This case is governed by sec. 7430, as enacted by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96 Stat. 324, 572. Sec. 7430, as amended by the Tax Reform Act of 1986, is effective for civil tax proceedings commenced after December 31, 1985. Tax Reform Act of 1986, Pub. L. No. 99-514, sec. 1551(h)(3), 100 Stat. 2085, 2753. The petition in this case was filed on June 4, 1985. Sec. 7430, as subsequently amended by the Technical and Miscellaneous Revenue Act of 1988, is effective for civil tax proceedings commenced after Nov. 10, 1988. Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239(d), 102 Stat. 3342, 3746.↩
3. We note that for proceedings commencing after November 10, 1988, sec. 7430(a) has been expanded to cover administrative proceedings. See sec. 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3743 et seq. ↩
4. Section 7430 came into the law for cases commenced after February 28, 1983. Section 292(a) of the Tax Equity and Fiscal Responsibility Act (TEFRA) of 1982, Pub. L. 97-248, 96 Stat. 324, 572-574. Sec. 7430(c)(2)(A)(i), as it applied to cases filed after February 28, 1983 and up through December 31, 1985, contained the "was unreasonable" language. For civil tax actions or proceedings commenced after December 31, 1985, sec. 1551(d)(1) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2752, changed that language to "was not substantially justified." However, this and other courts have held that the "substantially justified" standard is not a departure from the "reasonableness" standard. Sher v. Commissioner,89 T.C. 79, 84 (1987) and cases cited therein, affd. 861 F.2d 131 (5th Cir. 1988); Rutana v. Commissioner,88 T.C. 1329, 1333 (1987) and cases cited therein; Don Casey Co. v. Commissioner,87 T.C. 847, 857-861 (1986) and circuit court cases collated at 858. See also United States for Heydt v. Citizens State Bank,668 F.2d 444, 447 (8th Cir. 1982) ["The test of whether or not a Government action is substantially justified is essentially one of reasonableness."] In any event, the earlier version of section 7430(c)(2)(A)(i) is applicable in the instant case. We note, however, that our disposition of the matter would be the same under the 1986 statute. Sec. 6239(a) of TAMRA, supra,↩ made further changes to sec. 7430, including renumbering this provision as sec. 7430(c)(4)(A)(i), but those changes do not affect our holding in this case. 5. Sec. 1551(e) of the Tax Reform Act of 1986, supra, amended sec. 7430(c) by adding a new paragraph (4) defining "position of the United States" as follows: (4) POSITION OF THE UNITED STATES. -- The term "position of the United States" includes -- (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based. There is now a split in the circuits as to the meaning of this statutory language. Cf. Sher v. Commissioner,861 F.2d 131 (5th Cir. 1988), affg. 89 T.C. 79 (1987), with Weiss v. Commissioner,850 F.2d 111, 116 (2d Cir. 1988) (petition for rehearing en banc pending), revg. and remanding 89 T.C. 779 (1987). This Court follows the plain language of the statute that one looks at actions or inactions occurring at or after the point at which the District Counsel becomes involved in the matter. Gantner v. Commissioner,92 T.C. 192 (1989); Egan v. Commissioner,91 T.C. 705 (1988). Sec. 6239(a) of TAMRA, supra,↩ along with expanding sec. 7430 to cover administrative proceedings, also expanded the definition of the "position of the United States" and renumbered this provision as sec. 7430(c)(7). The new sec. 7430(c)(7) defines the position of the United States as including "the position taken in an administrative proceeding" determined "as of the earlier of" the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals or the date of the notice of deficiency. These further changes do not affect our holding in this case.
6. At this point, we mention that, for purposes of his position in this Court, respondent was not obligated to accept, as undisputed, stated facts occurring in testimony in an Oklahoma District Court proceeding concerning a motion to vacate the Decree of Divorce and General Entry of Judgement filed by petitioner. Support for this remark can be found in the following: The mere fact that a court in one opinion makes findings of fact is not a basis for the same or another court in another proceeding to take judicial notice of those findings and to deem them to be indisputably established for purposes of the pending litigation. * * * [Estate of Reis v. Commissioner,87 T.C. 1016, 1028-1029 (1986); see also Petzoldt v. Commissioner,92 T.C. 661↩ (1989).]