NEVILLE F. BOTHWELL, ILA D. BOTHWELL, SUSAN BOTHWELL, PAUL N. BOTHWELL, AND JOAN L. BOTHWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bothwell v. Commissioner
Docket No. 527-93
United States Tax Court
T.C. Memo 1995-170; 1995 Tax Ct. Memo LEXIS 164; 69 T.C.M. (CCH) 2403; April 12, 1995, Filed *164 For petitioners: Cris John Wenthur. For respondent: Roberta A. Duffy. PARKER
PARKER
MEMORANDUM OPINION PARKER, Judge: Petitioners have filed a Motion for Award of Reasonable Administrative and Litigation Costs pursuant to section 7430 and Rule 231. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the relevant years, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issue for decision is whether petitioners Neville F. Bothwell and Ila D. Bothwell (husband and wife), and their children, Susan Bothwell, Paul N. Bothwell, and Joan L. Bothwell, have established that they were the "prevailing party" within the meaning of section 7430(c)(4)(A)(i). We conclude that they have not so established. In accordance with Rule 232, the parties have submitted declarations and memoranda supporting their positions. We decide the motion for administrative and litigation costs based upon the pleadings (petition and answer), petitioners' motion for award of reasonable administrative and litigation costs and the exhibits attached thereto, including the affidavits and any supplemental affidavits of Floyd Geis, Cris *165 John Wenthur, Neville F. Bothwell, Ila D. Bothwell, Susan Bothwell, Paul N. Bothwell, and Joan L. Bothwell, respondent's memorandum brief in opposition to petitioners' motion for administrative and litigation costs and the exhibits attached thereto, the affidavit of Bruce Zaer, and respondent's status report. There are some conflicts in the facts as stated by each party. Neither party requested a hearing, however, and we conclude that a hearing is not necessary for the proper consideration and disposition of this motion because any facts in dispute are not relevant to our conclusion. Rule 232(a)(3). The relevant facts, as shown by the record and set out below, are not in dispute. Issues in the Notices of Deficiency
On October 14, 1992, respondent issued a separate notice of deficiency to each petitioner for the taxable year ended December 31, 1988. In the notices of deficiency, respondent determined deficiencies and additions to tax based on the following: (1) Petitioners' failure to report the receipt of a deemed distribution in the total amount of $ 1,750,254 from the liquidation of a family-owned S corporation, Bothwell, Inc.; (2) petitioners' underreporting of capital *166 gains in the total amount of $ 228,762 on the sale of business property passed through from a family-owned partnership, Bothwell International, Ltd. (Bothwell International); (3) disallowance of deductions for investment interest expenses totaling $ 88,851 passed through from Bothwell International, because the interest related to property that had been sold to another entity, Pamerado Properties, and the interest was being paid by Pamerado Properties rather than by Bothwell International; (4) additions to tax for negligence; and (5) additions to tax for substantial understatements of income tax. The notice of deficiency issued to petitioner Susan Bothwell also included an addition to tax for late filing of her tax return. Prior to the date scheduled for the trial of this case, and for purposes of settlement, respondent conceded the first issue regarding the gain from the liquidation of Bothwell, Inc., and all additions to tax. Petitioners conceded the capital gains issue, but were permitted by respondent to raise new issues for years not before the Court, which reduced the amount of unreported capital gains. [1] Petitioners also conceded the investment interest deduction issue *167 because the purchaser of the subject property had assumed the liability and had paid the interest on the indebtedness related to the property. See supra note 1. It is the deemed distribution issue as to which petitioners -assert they are entitled to administrative and litigation costs. The following transactions, as evidenced by the related contemporaneous documents, resulted in respondent's assertion that petitioners had not reported the receipt of a deemed distribution from the liquidation of Bothwell, Inc., during the 1988 taxable year. Background
Caulfield Development, Inc. (CDI) is an S corporation wholly owned by petitioners. CDI owned a 25-percent *168 interest in a general partnership named First Caulfield Development Co. (First Caulfield). The remaining 75-percent interest in First Caulfield was owned by Highfield Holding Co. (Highfield), an unrelated third party. The primary asset owned by First Caulfield was real property located in San Diego County, California (the Poway lots). During 1985, First Caulfield sold a 90-percent interest in the Poway lots to Cadillac Fairview, Inc. (Cadillac Fairview), an unrelated third party. The remaining 10-percent interest in the Poway lots and 16.67 percent of the sale proceeds from the Cadillac Fairview sale were distributed to CDI in liquidation of its partnership interest in First Caulfield. The remaining 83.33 percent of the proceeds from the Cadillac Fairview sale was distributed to Highfield in liquidation of its interest in First Caulfield. Petitioners included their respective shares of the gain recognized by CDI on their respective 1985 Federal individual income tax returns. On or about December 22, 1985, CDI and Cadillac Fairview formed a partnership known as C.F. Poway, Ltd. (C.F. Poway). Petitioner Neville F. Bothwell signed that partnership agreement as the president of *169 CDI. In exchange for a 10-percent interest in C.F. Poway, CDI contributed its 10-percent interest in the Poway lots to the partnership. Cadillac Fairview contributed its 90-percent interest in the Poway lots in exchange for a 90-percent interest in C.F. Poway and acted as the general partner. On March 28, 1986, CDI assigned its interest in C.F. Poway to Bothwell, Inc. Petitioner Neville F. Bothwell, as president of CDI, signed that assignment document. The partnership return for C.F. Poway for its fiscal year ended February 28, 1987, listed Bothwell, Inc., as a partner. According to petitioners, however, CDI liquidated in 1986 and, on or about April 1, 1986, distributed its 10-percent interest in C.F. Poway to them, individually. Petitioners contend that they individually contributed the 10-percent interest in C.F. Poway to Bothwell, Inc. There is no contemporaneous documentation to support that contention, and it is inconsistent with the assignment document signed by petitioner Neville F. Bothwell. Petitioners also contend that, on December 31, 1986, the shareholders and directors of Bothwell, Inc., adopted a plan of liquidation under section 337. Petitioners further contend *170 that after December 31, 1986, the affairs of Bothwell, Inc., were wound down in accordance with State law and that petitioners collectively held their 10-percent interest in C.F. Poway as a liquidation grantor trust. There are no contemporaneous documents to support petitioners' interpretation of the events. Petitioners assert that they treated the distribution of the 10-percent interest in C.F. Poway as a taxable S corporation dividend and reported it as such on their repective 1986 Federal individual income tax returns. They also assert that they reported their respective gains from the liquidation of Bothwell, Inc., on their 1986 Federal individual income tax returns. However, other than certain accountant workpapers, there are no documents to support petitioners' assertion that CDI distributed the 10-percent interest in C.F. Poway to petitioners, individually, in 1986 rather than to Bothwell, Inc. Bothwell, Inc., did not transfer or otherwise distribute its assets to petitioners in 1986, and C.F. Poway continued to treat Bothwell, Inc., as a partner in the partnership. Bothwell, Inc., held an option to acquire certain land (the Bella Canyon parcels) that was adjacent to *171 the Poway lots. In December of 1986, Bothwell, Inc., issued promissory notes to three unrelated individuals to acquire the Bella Canyon parcels. On February 6, 1987, the sale was closed and three grant deeds conveying the Bella Canyon parcels to Bothwell, Inc., were recorded. During March of 1987, C.F. Poway agreed to redeem the 10-percent interest in the partnership held by Bothwell, Inc., for $ 2,000,000. The redemption agreement recited that Bothwell, Inc., was a limited partner in the partnership. The redemption agreement was signed by petitioner Neville F. Bothwell, as the president of Bothwell, Inc. [2] Pursuant to the redemption agreement, Bothwell, Inc., was to receive $ 1,000,000 in cash plus the Poway lots, which were valued at $ 1,834,000. Since the value of the property Bothwell, Inc., was to receive exceeded the $ 2,000,000 redemption price, Bothwell, Inc., agreed to execute promissory notes in the aggregate amount of $ 834,000 made payable to C.F. Poway (or its successor in interest) and secured by certain lots of real property. Under section 731(a), no gain was recognized on the redemption. Petitioners claim, however, that the liquidation trust, rather than Bothwell, *172 Inc., participated in these transactions. In December of 1987, petitioners formed a new partnership, Bothwell International. Petitioners held their partnership interests in Bothwell International in the same proportions as they had held their stock in Bothwell, Inc. Petitioners claim that in March of 1988 they transferred their interest in the Poway lots, acquired through the redemption of the C.F. Poway partnership interest, and the Bella Canyon parcels to Bothwell International. [3]Bothwell International also assumed all liabilities connected with those properties. In April of 1988, Bothwell, Inc., was formally dissolved. In the notices of deficiency, respondent determined that petitioners received a combined deemed distribution in the amount of $ 1,750,254 from Bothwell, Inc., in 1988. *173 Administrative and Judicial Proceedings
Respondent issued the notices of deficiency on October 14, 1992. Petitioners filed the petition in this case on January 8, 1993. At the time they filed their petition, petitioners resided in or in the vicinity of San Diego, California. Respondent filed an answer on March 29, 1993. Bruce Zaer (Zaer) is the appeals officer employed by the Internal Revenue Service (IRS), who was assigned to conduct settlement negotiations on behalf of respondent in this case. On April 1, 1993, Zaer received the administrative file in this case for settlement consideration. After reviewing the administrative file and the documents contained therein, Zaer determined that, at that time, he did not have sufficient documentation to warrant concession of any of the issues raised in the notices of deficiency. On May 26, 1993, Zaer met with Roberta A. Duffy (Duffy), respondent's counsel in this case, and Revenue Agent Mina Sibbald to discuss the case. During that meeting, they attempted to determine the relationship between the various Bothwell family-owned entities and tried to trace the various real estate transactions in which these entities had participated. *174 Following the meeting, Zaer realized that there was insufficient information contained in the administrative file to establish when the alleged liquidation of Bothwell, Inc., had occurred. On May 27, 1993, Zaer spoke to petitioners' counsel, Cris John Wenthur (Wenthur), and scheduled a meeting for June 29, 1993. At the June 29, 1993, meeting, Zaer and Wenthur discussed the various transactions at issue in this case, specifically the sale or transfer of real property between the various Bothwell family entities. At the conclusion of the meeting, Wenthur agreed to provide Zaer, by the end of July of 1993, with documents to substantiate petitioners' position. Wenthur, however, did not produce the documents until November of 1993. On September 23, 1993, the Court noticed this case for trial during the trial session commencing on February 28, 1994, in San Diego, California. On October 21, 1993, Wenthur met with Zaer and Duffy. During the meeting, they discussed the following issues: 1. The tax effect of the distributions of property and partnership interests through the alleged liquidation of Bothwell, Inc. (petitioners maintained that the liquidation occurred during 1986 and *175 that the corporation continued to function as a liquidation trust); 2. the acquisition of the Bella Canyon parcels, acquired in the name of Bothwell, Inc., which sale related to the capital gains issue raised in the notices of deficiency (again petitioners asserted that the property was actually acquired by the liquidation trust, rather than, as stated in the purchase documents, by Bothwell, Inc.); 3. an interest expense that was being deducted twice during 1988 and 1989 (this interest expense deduction was claimed by Bothwell International as well as by another Bothwell family entity). At the October 21, 1993, meeting, Wenthur agreed to provide Zaer with an analysis and record of the income and expenses of the purported liquidation trust. The analysis was to include a complete accounting of the funds received by the trust, the distributions from the trust to petitioners, and contributions by the trust to other family-owned entities. Wenthur was also to obtain information from the various entities regarding the interest expense deduction being claimed twice. At that time, Zaer was considering conceding the Bothwell, Inc., liquidation issue. Another meeting was scheduled for *176 October 29, 1993. Petitioners' accountant, Floyd Geis (Geis), was also to attend that meeting in order to explain certain bookkeeping and accounting entries. Geis, however, failed to attend the October 29, 1993, meeting, and Wenthur failed to produce the promised information. As of October 29, 1993, Zaer still had no evidence that Bothwell, Inc., had liquidated in 1986 rather than in 1988 and no evidence to establish the existence of any liquidation trust. [4] Zaer explained to Wenthur that, unless the information was produced, the case would be referred to District Counsel for trial preparation. Zaer received the information from Wenthur on November 4 and 8, 1993. *177 By early November of 1993, Zaer had determined that petitioners' testimony regarding the creation of the alleged liquidation trust, although unsupported by any documentation, was credible and likely to be accepted by this Court if the case went to trial. See supra note 4. Petitioners' testimony before Zaer and their 1986 individual tax returns, however, were the only evidence indicating that Bothwell, Inc., had liquidated in 1986. Zaer decided to concede the deemed distribution issue, since the liquidation distribution had been reported in 1986, and the mitigation provisions of the Internal Revenue Code would apply if the distribution were taxed in 1988. Since this was the major issue raised in the notices of deficiency, Zaer also decided to concede the negligence addition. [5] The capital gains issue and the twice-deducted interest expense issue, however, remained unresolved at that point. *178 On November 18, 1993, Wenthur advised Zaer that petitioners would likely concede the interest expense deduction issue. Zaer met with Wenthur and Geis on December 15, 1993, at which time, the capital gains and interest expense issues were resolved. On January 7, 1994, Zaer sent Wenthur computations regarding 1988, the year before this Court, as well as 1989, a year not before this Court. On February 17, 1994, after reviewing the computations, Wenthur informed Zaer that he agreed with the computations. On February 23, 1994, Zaer sent stipulated decision documents to Wenthur. However, when the case was called from the trial calendar on February 28, 1994, the stipulated decision documents were not filed with the Court, because Wenthur announced that he intended to file a motion for award of administrative and litigation costs. Such motion was filed on March 29, 1994, and on April 1, 1994, the parties filed their stipulation of settled issues reflecting their respective concessions. See supra notes 1, 5. Discussion
Section 7430(a) provides that, in any administrative or court proceeding, "the prevailing party" may be awarded reasonable administrative costs incurred *179 in connection with an administrative proceeding within the IRS and reasonable litigation costs incurred in connection with a Tax Court proceeding. To be considered a "prevailing party", the taxpayers must establish that: (1) The position of the United States in the proceeding was not substantially justified; (2) they substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) they had a net worth not in excess of $ 2 million at the time the proceedings commenced. Sec. 7430(c)(4)(A). In addition, to be entitled to an award of reasonable litigation costs, the taxpayers must have exhausted the administrative remedies available within the IRS, and no award of reasonable litigation or administrative costs may be made with respect to any portion of a proceeding that has been unreasonably protracted by the taxpayer. Sec. 7430(b)(1), (4). All of these conjunctive requirements must be met for an award to be made. Sher v. Commissioner, 89 T.C. 79 (1987), affd. 861 F.2d 131 (5th Cir. 1988); Minahan v. Commissioner, 88 T.C. 492, 497 (1987). *180 The taxpayers bear the burden of proving that they are entitled to an award of administrative or litigation costs. Rule 232(e); Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990); Stieha v. Commissioner, 89 T.C. 784, 790 (1987). The parties in this case agree that: (1) Petitioners substantially prevailed as to the amount in controversy; (2) petitioners exhausted the administrative remedies available to them; and (3) petitioners did not unreasonably protract the administrative or judicial proceedings in this matter. The parties are unable to agree as to: (1) Petitioners' net worth; (2) whether respondent's position during the administrative and judicial proceedings was substantially justified; and (3) the allowability and reasonableness of the claimed costs. We will consider first whether respondent's position was substantially justified within the meaning of section 7430(c)(4)(A)(i), because a determination favorable to respondent on this issue will be dispositive of the case. In deciding this issue, we first must determine from which point in time we are to evaluate the position of the *181 United States. Section 7430(c)(7) defines "the position of the United States" as the position taken by the United States in a judicial proceeding and the position taken in an administrative proceeding as of the earlier of (1) the date of a taxpayer's receipt of the notice of the decision of the IRS's Appeals Office, or (2) the date of the notice of deficiency. [6] In Huffman v. Commissioner, 978 F.2d 1139 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144, the Court of Appeals for the Ninth Circuit agreed with this Court that section 7430 requires a bifurcated analysis of "substantially justified" as to the position taken in the administrative proceeding and the position taken in the judicial proceeding. Huffman v. Commissioner, supra at 1144-1147. *182 The "position of the United States", for purposes of administrative costs, means the position taken in an administrative proceeding, determined in this case as of the date of the notice of deficiency. Sec. 7430(c)(7)(B)(ii). Thus, we look to the date of the notices of deficiency, October 14, 1992, for the administrative costs. [7]
The "position of the United States", for purposes of litigation costs, refers to the position of the United States in a judicial proceeding. Sec. 7430(c)(7)(A). A judicial proceeding in this Court is commenced with the filing of a petition. Rule 20(a). In this case, that date was January 8, 1993. Generally, respondent initially takes a position on the date she files her answer in response to the petition. Huffman v. Commissioner, supra at 1148. *183 Respondent's answer was filed on March 29, 1993. For purposes of litigation costs, we must determine the reasonableness of respondent's position asserted in the answer and of her subsequent conduct in maintaining that position. Under the circumstances of this case, to recover administrative and litigation costs under section 7430, petitioners must show that respondent's position was not substantially justified. Sec. 7430(c)(4)(A)(i). Generally, respondent's concession of all or part of a case is not by itself sufficient to establish that respondent's position was unreasonable. Broad Avenue Laundry & Tailoring v. United States, 693 F.2d 1387, 1391-1392 (Fed. Cir. 1982); Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986). Whether respondent's position is substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as legal precedents relating to the cases. See Pierce v. Underwood, 487 U.S. 552 (1988) (construing similar language in the Equal Access to Justice *184 Act, 28 U.S.C. sec. 2412 (1988)); Huffman v. Commissioner, 978 F.2d at 1147; Bertolino v. Commissioner, 930 F.2d 759 (9th Cir. 1991). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, supra at 565; see also Norgaard v. Commissioner, 939 F.2d 874, 881 (9th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1989-390. That standard is the same as the "reasonable basis both in fact and law" standard used by this and other courts. Pierce v. Underwood, supra at 564; Powers v. Commissioner, 100 T.C. 457, 470-471 (1993), affd. in part and revd. in part 43 F.3d 172 (5th Cir. 1995). In determining whether respondent's position was substantially justified, this Court will consider the basis of respondent's position and the manner in which respondent maintained that position. Wasie v. Commissioner, supra at 969. *185 This, in turn, depends upon a finding that the position had a reasonable basis in law and fact, taking into account the facts and circumstances available to respondent at the time. Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), affg. per curiam T.C. Memo. 1990-316; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). The reasonableness of respondent's position necessarily requires considering what respondent knew at the time she took the position and the events that occurred afterwards. See Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); Don Casey Co. v. Commissioner, 87 T.C. 847, 862 (1986); DeVaenney v. Commissioner, supra at 930. The taxpayer need not show bad faith to establish that respondent's position was not substantially justified for purposes of a motion for administrative and litigation costs under section 7430. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, 100 T.C. at 471. *186 Other factors that may be taken into account in making this determination include (1) whether the Government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case, (2) whether the Government pursued the litigation against the taxpayer for purposes of harassment or embarrassment, or out of political motivation, and (3) such other factors as the court finds relevant. H. Rept. 97-404, at 12 (1981); see also Sher v. Commissioner, 89 T.C. at 85. In the motion for award of reasonable administrative and litigation costs, petitioners allege the following facts to support their contention that respondent's position was unreasonable: i. The agent assigned to the case audit failed to follow established procedures, was incapable of understanding facts associated with a business transaction, failed to complete the audit timely, failed to communicate with the taxpayer's representative, failed to exhibit even a modicum of courtesy and used embarrassing administrative summons to obtain information which was offered and readily available and finally *187 assessed Petitioners without substantial basis in fact simply because the agent could not understand the business transaction. ii. As a result, the taxpayer had to retain an accountant to handle the audit, hire a tax attorney to file the petition with this court and deal with the IRS Appeals Office on issues which could have been easily resolved without the filing of this proceeding.
As further evidence of respondent's purported unreasonableness, petitioners allege facts stated in a letter dated August 21, 1992, from their accountant, Geis, to S. Marvin Bennett of the IRS. The letter states petitioners' objections to the actions and conduct of the IRS agent conducting the audit. Respondent asserts that she was substantially justified in the position she took in the notices of deficiency and in this judicial proceeding. We agree. In the notices of deficiency, respondent determined that Bothwell, Inc., was liquidated during 1988. That determination was based on the documents evidencing the transactions from 1986 through 1988. Those documents included the following: (1) The Assignment of Limited Partnership Interest in C.F. Poway, Ltd., dated March 28, 1986, recited that *188 CDI was assigning its interest to Bothwell, Inc. (That document was signed by petitioner Neville F. Bothwell, as president of CDI, and it nowhere indicates that petitioners individually were contributing their interests to Bothwell, Inc.); (2) grant deeds and notes indicated that Bothwell, Inc., purchased property and executed notes for the purchase of real property during December of 1986 and February of 1987; (3) the Redemption and Dissolution Agreement for C.F. Poway, Ltd., recited that Bothwell, Inc., owned the 10-percent interest in the partnership as of March 2, 1987, and that the partnership was redeeming the interest of Bothwell, Inc. (petitioner Neville F. Bothwell, as president of Bothwell, Inc., signed that agreement); (4) the Amended and Restated Redemption and Dissolution Agreement for C.F. Poway, Ltd., dated August 21, 1987, indicated that the partnership interest of Bothwell, Inc., was being redeemed (petitioner Neville F. Bothwell, as president of Bothwell, Inc., signed that agreement); and (5) a grant deed dated December 21, 1987, recited that Bothwell, Inc., granted property located in the City of Poway to Bothwell International (petitioner Neville F. Bothwell, *189 as president of Bothwell, Inc., signed that grant deed). As against these transactional documents, prepared contemporaneously with the events, petitioners' oral statements, certain accountant workpapers, and petitioners' 1986 individual tax returns [8] were the only evidence supporting petitioners' assertion that Bothwell, Inc., had been liquidated in 1986. By early November of 1993, Appeals Officer Zaer had determined that petitioners' testimony before him regarding the creation of the alleged liquidation trust, although unsupported by any contemporaneous documentation, was credible and likely to be accepted by this Court if the case went to trial. See supra note 4. Zaer decided to concede the issue, because the liquidation distribution had been reported in the 1986 individual tax returns, and the mitigation provisions of the Internal Revenue Code would apply if the distribution were again taxed in 1988. Since this was the major issue raised in the notices of deficiency, Zaer also decided to concede the negligence penalty. The contemporaneous documentary evidence in this case provides substantial evidence to support respondent's position that Bothwell, Inc., did not liquidate *190 during 1986 but continued to conduct business transactions through 1988. See supra note 4. Therefore, respondent's position in the deficiency notices and in the answer filed in this judicial proceeding was substantially justified. Moreover, after the filing of that answer, respondent conceded the deemed distribution issue within a reasonable period of time. We hold that petitioners are not entitled to an award for reasonable administrative costs or litigation costs. An appropriate order and decision will be entered. Footnotes
1. Despite petitioners' concession of two issues raised in the deficiency notice, those new issues for years not before the Court apparently completely eliminated any deficiencies for Neville F. Bothwell and Ila D. Bothwell and greatly reduced the deficiencies for their children, as indicated by the stipulation of settled issues later filed by the parties.↩
2. The redemption agreement was amended and restated on Aug. 21, 1987, and petitioner Neville F. Bothwell signed that amended and restated agreement as president of Bothwell, Inc.↩
3. Actually the grant deed, dated Feb. 18, 1988, and recorded on Feb. 29, 1988, reflected that C.F. Poway conveyed the Poway lots to Bothwell International; another grant deed, executed on Dec. 21, 1987, and recorded on Dec. 22, 1987, reflected that Bothwell, Inc. (by its president, petitioner Neville F. Bothwell) conveyed the Bella Canyon parcels to Bothwell International.↩
4. All of the contemporaneous documents in the record before the Court support a finding that Bothwell, Inc., was liquidated in 1988; there is no evidence in the record before the Court to establish the existence of a liquidation trust. Zaer ultimately relied upon "petitioners' testimony", presumably oral testimony given before him, of which the Court has not had the benefit.↩
5. The record does not indicate when or why respondent decided to concede the late filing addition as to petitioner Susan Bothwell, but the stipulation of settled issues later filed by the parties included such a concession. Also that stipulation of settled issues included a concession of the substantial understatement additions, which appears to flow automatically from the concessions as to the deficiencies. See supra↩ note 1.
6. The present case was commenced by a petition filed on Jan. 8, 1993. Since this case was commenced after Nov. 10, 1988, sec. 7430 as amended by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6239, 102 Stat. 3743, applies. See Huffman v. Commissioner, 978 F.2d 1139, 1144 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144↩.
7. A large portion of the administrative costs claimed by petitioners relates to return preparation and tax planning and was incurred long prior to the date of the deficiency notices. Petitioners now concede such costs are not recoverable.↩
8. Tax returns are merely statements of a taxpayer's claim and do not establish the truth of the facts contained therein. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834, 837 (1974); Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051↩ (1957).