MARIO AND IRENE MOSTEIRIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mosteirin v. Commissioner
Docket No. 3996-94.
United States Tax Court
T.C. Memo 1995-419; 1995 Tax Ct. Memo LEXIS 424; 70 T.C.M. (CCH) 548; August 28, 1995, Filed *424 An appropriate order will be issued denying petitioners' motion, as supplemented. James O. Druker, for petitioners. Peggy Gartenbaum and Jody Tancer, for respondent. BEGHE, Judge BEGHE
MEMORANDUM OPINION BEGHE, Judge: This case is before us on petitioners' motion for litigation costs, pursuant to section 7430 and Rule 231 [1]. On January 13, 1995, following a trial on January 12, 1995, we decided the merits of the case in petitioners' favor by oral opinion. On August 7, 1995, we withdrew our oral opinion and issued a memorandum opinion, also in petitioners' favor. Mosteirin v. Commissioner, T.C. Memo. 1995-367. Background
The substantive issue presented by this case is whether petitioner Mario Mosteirin (petitioner), a neighborhood office agent (NOA) of Allstate Insurance Co. (Allstate) during the taxable year *425 1991, was an independent contractor or an Allstate employee. We have held that petitioner was an independent contractor. For reasons discussed below, we will deny petitioners' motion for litigation costs. On December 14, 1993, respondent issued a statutory notice to petitioners for the taxable year 1991 that determined an income tax deficiency of $ 8,464 and a section 6662(a) accuracy-related penalty of $ 1,693. The ground for respondent's determination was that, because petitioner was an employee rather than an independent contractor, the NOA business expenses he claimed on Schedule C were itemized employee business expenses subject to the 2-percent of adjusted gross income floor provided by section 67. Petitioners' petition, which was prepared and signed by their counsel, was filed on March 11, 1994. The petition assigned error to respondent's determination and pleaded facts in support of petitioners' return reporting position that petitioner was an independent contractor entitled to deduct his business expenses on Schedule C. Petitioners' petition did not advert to the inconsistency in petitioners' return reporting positions; i.e., that petitioner claimed his reimbursable expenses *426 in excess of the OEA as independent contractor expenses on Schedule C, but reported the Allstate payments for which he received a Form W-2 as wages and other job-related expenses as itemized deductions subject to the 2-percent floor. On August 4, 1994, we set the case for trial at the Court's Westbury, New York (at New York, New York) trial session commencing January 9, 1995. On September 15, 1994, we granted respondent's motion for leave and filed respondent's Amendment to Answer, which concluded with the prayer: (3) That if the Court determines that petitioner Mario Mosteirin was an independent contractor during the 1991 tax year, that the Court redetermine the deficiency in income tax due for the 1991 tax year for failure to report taxable employee benefits and pay self-employment tax.
On December 22 and December 27, 1994, the Court received respondent's and petitioners' trial memoranda. In the "Legal Authorities" portion of their trial memorandum, petitioners stated: Petitioners respectfully submit that the facts of this case are indistinguishable from those in two recent Tax Court cases: Butts v. Commissioner, T.C. Memo. 1993-478, *427 appeal docketed No. 94-2340 (11th Circuit, 3/16/94); and Smithwick v. Commissioner, T.C. Memo. 1993-582 (5th Circuit, 12/9/93).[2] Both decisions dealt with the identical issues in dispute here--namely, the relationship between NOA and the Allstate Insurance Company. In both cases, the Court determined the relationship to be that of independent contractor. * * * Respondent's trial memorandum stated, in part: Generally, an individual is considered *428 to be an employee if the person for whom he works has the right to control and direct the individual as to the details by which the work is to be performed. Treas. Reg. §§ 31.3121(d)-1(c)(2), 31.3401(c)-1(b). No one fact is dispositive; rather, the entire situation and the special facts and circumstances must be reviewed. Simpson v. Commissioner, 64 T.C. 974, 985 (1975). It is respondent's position that Allstate's control over petitioner was so pervasive as to make him an employee. Contra, Butts v. Commissioner, T.C. Memo. 1993-478, appeal docketed, No. 94-2340 (11th Cir. March 16, 1994).
On January 3, 1995, we received an amendment to respondent's trial memorandum adding two witnesses to the list of witnesses respondent expected to call at trial and increasing respondent's estimate of trial time. With respect to one of these witnesses, respondent's cover letter stated that the testimony was necessary to establish respondent's alternative argument that in the event the Court finds that Mr. Mosteirin is an independent contractor, the petitioners would be liable for the tax on the unreported taxable employment *429 benefits.
In a January 3, 1995, telephone conference, we informed counsel for the parties that we were not interested in hearing testimony on questions of law but were instead interested in how the facts in this case were similar to, or distinguishable from, those in Butts v. Commissioner, T.C. Memo. 1993-478 (then on appeal), and the value of the benefits that would be included in petitioners' gross income, under respondent's alternative argument, if we were to find that petitioner was an independent contractor. During that conference, respondent's counsel agreed that the NOA contract between petitioner and Allstate in the case at hand was identical to the NOA contracts in the Butts and Smithwick cases. Respondent's counsel went on to say that respondent would elicit testimony from petitioner's local Allstate supervisors that would establish the reality of Allstate's exercised authority and control over petitioner's activities. On January 4, 1995, we set the case for oral report at the calendar call of the Court's January 9, 1995, Westbury session, at which time the parties were to submit their stipulation of facts and supplemental trial *430 memoranda. Before trial, the parties settled the issues raised by respondent's amended answer. They agreed that, if the Court should determine that petitioner had an independent contractor relationship with Allstate during 1991, the cost of benefits paid by Allstate for petitioner, consisting of medical, dental, long- term disability, basic life and accidental death coverage, and the increase in the value of his retirement benefits under the Allstate pension plan, would be taxable to petitioner, that the amount paid by Allstate in respect of petitioner's Social Security would not be taxable to petitioners, that petitioner would be liable for self-employment tax for the year, and that petitioners would not be liable for the accuracy-related penalty under section 6662(a). The sole issue left for trial was whether, in 1991, petitioner was an employee of Allstate, as respondent had determined, or an independent contractor, as petitioners claimed. At trial, respondent called four witnesses, including Ms. Carrie Cotter, the Allstate market sales manager responsible for monitoring petitioner's operations as an NOA during the year at issue. In our oral findings of fact and opinion, delivered *431 the next day from the bench, [3] we noted that Ms. Cotter prepared a business analysis review after each of her annual meetings with petitioner, and we adverted to facts occurring during the taxable year that contributed to petitioner's going into a "job-in-jeopardy" status early in the following year. We rejected respondent's argument that the facts brought out through Ms. Cotter's testimony established petitioner's status as an employee. On the basis of our reasoning in Butts v. Commissioner, supra, as adopted and applied in Smithwick v Commissioner, T.C. Memo. 1993-582, we held that petitioner was "professionally associated with Allstate as an independent contractor and is entitled to report his business income on Schedule C". On February 17, 1995, the Court filed petitioners' Motion *432 for Award of Litigation Costs, with accompanying affidavit of counsel; on April 10, 1995, the Court filed petitioners' supplement to the motion. On April 24, 1995, the Court filed respondent's objection, with supporting memorandum, to petitioners' motion. On May 17, 1995, the Court filed respondent's supplement to her objection, and on May 19, 1995, the Court filed petitioners' response to respondent's objection. On April 10, 1995, the Court of Appeals for the Eleventh Circuit decided respondent's consolidated appeals of the Butts and Smithwick cases and affirmed the decisions of the Tax Court in those cases, based on the findings and reasoning of the decision in Butts. In so doing, the Court of Appeals characterized Special Trial Judge Peterson's opinion in Butts as "a thoroughly reasoned opinion", which had been followed by Judge Clapp in the Smithwick case on the grounds that the Allstate agreements were identical and that the case "had no relevant facts that are distinguishable from the Butts case." The Court of Appeals went on to say: Prior to oral arguments, this Court was advised of yet another case involving the identical Allstate agreements in *433 which the Tax Court, relying on the decision in Butts, reached the same conclusion. Mosteirin v. Commissioner of Internal Revenue, No. 3996-94 (U.S. Tax Ct., Jan. 13, 1995). We were informed at oral argument that there are currently pending eleven other cases concerning the same issue. We affirm based upon the findings and reasoning of the Tax Court's decision in Butts. Prompt resolution of the issue by this Court is critical. Since the Tax Court's detailed opinion is readily available to the tax bench and bar and no additional arguments were made to this Court that were not properly treated in Judge Peterson's opinion, there is no need to prepare a detailed opinion of this Court nor to attach the Tax Court decision for reference. This opinion is sufficient to establish the law of this Circuit for precedential purposes. [Butts v. Commissioner, 49 F.3d 713, 714 (11th Cir. 1995), affg. T.C. Memo. 1993-478 and Smithwick v. Commissioner, T.C. Memo. 1993-582.]
We take judicial notice that, if NOA's are held to be independent contractors rather than employees, their participation in *434 Allstate's employee profit-sharing and retirement plans may adversely affect the qualification of those plans under section 401(a), [4] and that Sears Roebuck & Co. has recently spun off Allstate to the Sears shareholders. Discussion
To be entitled to an award of litigation costs under section 7430 [5] and Rule 231, a taxpayer must satisfy each of seven requirements. Minahan v. Commissioner, 88 T.C. 492, 497 (1987); Han v. Commissioner, T.C. Memo. 1993-386. The only requirement that we address, see Sokol v. Commissioner, 92 T.C. 760 (1989); Bothwell v. Commissioner, T.C. Memo. 1995-170, and cases cited therein, dealing at length with the various requirements, is the one set forth in section 7430(c)(4)(A)(i), that the taxpayer *435 establish that "the position of the United States * * * was not substantially justified" in law or in fact, Pierce v. Underwood, 487 U.S. 552, 564-565 (1988); Huffman v. Commissioner, 978 F.2d 1139, 1143-1147 (9th Cir. 1992), affg. in part, revg. in part on other grounds and remanding T.C. Memo. 1991-144; Powers v. Commissioner, 100 T.C. 457, 470 (1993). Petitioners have the burden of proving that the position of the United States was not substantially justified. Rule 232(e); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990); Jasienski v. Commissioner, T.C. Memo. 1993-449. Because we rule in respondent's favor on the issue of substantial justification, we will deny petitioners' motion. *436 The Tax Reform Act of 1986, Pub. L. 99-514, sec. 1551(d)(1), 100 Stat. 2085, 2752, changed the language describing the position of the United States in civil tax cases commenced after December 31, 1985, from "unreasonable" to "not substantially justified", the standard applicable to the Equal Access to Justice Act (EAJA), 28 U.S.C. section 2412 (1988). The substantially justified standard is essentially a continuation of the prior law's reasonableness standard. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). EAJA's substantially justified standard requires that the Government's position be justified to a degree that would satisfy a reasonable person. Pierce v. Underwood, supra at 564-565. That interpretation also applies to motions for litigation costs under section 7430. Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), affg. per curiam T.C. Memo. 1990-316. The standard is no different from the "reasonable basis both in law *437 and fact" formulation adopted by the vast majority of the Courts of Appeals. Pierce v. Underwood, supra at 565; Huffman v. Commissioner, supra at 1147- 1148. For a position to be substantially justified, there must be substantial evidence to support it. "Substantially justified" does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Pierce v. Underwood, supra at 564-565. It does not mean "justified to a high degree", but rather that there be a "genuine dispute", or that reasonable people could differ as to the appropriateness of the contested action. Id. at 565. It means "justified in substance or in the main", that is, justified to a degree that could satisfy a reasonable person, which is no different from the "reasonable basis both in law and fact" standard. Id. A position can be justified even though it is not correct, if a reasonable person could think it correct. Id. at 566 n.2. To be "substantially justified" *438 means more than merely undeserving of sanctions for frivolity. Commissioner v. Jean, 496 U.S. 154, 158 n.6 (1990); Pierce v. Underwood, supra at 566. Whether the position of the United States was substantially justified depends on whether respondent's positions and actions were reasonable in light of the facts of the case and the applicable legal precedents. Bragg v. Commissioner, 102 T.C. 715, 716 (1994). This standard takes into account "whether * * * [the Commissioner] knew or should have known that her position was invalid at the onset of the litigation". Nalle v. Commissioner, 55 F.3d 189, 191 (5th Cir. 1995), affg. T.C. Memo. 1994-182. Petitioners argue that respondent's position that petitioner was an employee of Allstate was not substantially justified because respondent had "unsuccessfully taken this identical position in two identical Allstate NOA cases in this Court", Smithwick v. Commissioner, supra, and Butts v. Commissioner, supra. In their motion for litigation costs, petitioners *439 point out that, although they had cited these adverse decisions to respondent in their petition and in their trial memorandum, "Respondent refused to settle or to hold this case in abeyance pending Appellate Court resolution(s) in Smithwick and Butts. [6]
Respondent argues that the trial of this case, and in particular Ms. Cotter's testimony and related documents, were necessary to "respond to problems this Court had with respondent's position in Butts". This was because, although the Court in Butts discussed Allstate's "work plan" and discharge provisions, it ultimately found that no evidence had been presented to show that these provisions gave Allstate the right to control its NOA's, but *440 suggested that the presence of such evidence might have changed the result: Had the record contained clear evidence showing that under the "work plan" situation an unproductive NOA was required to alter and conform his professional behavior to adhere to suggestions made by Allstate agency managers or face termination, we would be more persuaded by respondent's argument. This is so because we acknowledge that when an agent such as Mr. Butts, (whose professional relationship with Allstate could be terminated at any time by Allstate after the mailing of written notice to terminate) receives suggestions which in reality are mandatory pronouncements, the failure of which to follow will lead to termination, it is unreasonable "to expect such a man to indulge in a game of bluff by flying in the face of the requirement and then waiting to see if he would indeed be terminated as an agent". Ellison v. Commissioner, 55 T.C. 142, 154 (1970). However, no such evidence exists in the record, and, in fact, a reading of the entire record reveals that Allstate was concerned with results, not the manner in which such results were achieved. * * * [Butts v. Commissioner, T.C. Memo. 1993-478; *441 citation omitted.]
Respondent's memorandum further argues that this Court: has held that the Government's position is not unreasonable when testimony is needed to clarify the factual controversy. Moore v. Commissioner, T.C. Memo. 1989-306. Although the Court's decision in this case indicates that it did not find that these additional facts established that Allstate controlled the manner and means by which petitioner performed services, the trial transcript presented facts previously not before the Court in either Butts or Smithwick. Reasonable individuals may differ with respect to the significance and effect they give to such facts. Accordingly, trial of this matter was warranted since it was possible for the Court to arrive at a different conclusion upon considering the distinctive facts presented by the testimony in this case.
Respondent also argues that the Government's position may be substantially justified when it repeatedly litigates an issue for the purpose of obtaining a conflict among the circuits, citing Mearkle v. Commissioner, 87 T.C. 527, 533 n.10 (1986), revd. on other grounds 838 F.2d 880 (6th Cir. 1988), *442 and Fite v. Commissioner, T.C. Memo. 1994-186. Finally, respondent argues that Butts and Smithwick are mere memorandum opinions, without precedential weight. See Darby v. Commissioner, 97 T.C. 51, 67 (1991); Newman v. Commissioner, 68 T.C. 494, 502 n.4 (1977); Nico v. Commissioner, 67 T.C. 647, 654 (1977), affd. in part and revd. in part 565 F.2d 1234 (2d Cir. 1977). We recently said about another memorandum opinion that it, "being a memorandum opinion of this Court, is not controlling precedent", but that, "given the substantial similarity of the factual foundation of" the two cases, we would "follow the same analytical approach that we utilized in" the prior memorandum opinion in deciding the later case. Convergent Technologies, Inc. v. Commissioner, T.C. Memo. 1995-320. Inasmuch as we decide the issue here in respondent's favor, we need not respond to respondent's invitation to reconsider the precedential weight that should be given to our memorandum opinions. Petitioners' motion for costs *443 presents a close case. Although the additional facts brought out by Ms. Cotter's testimony, the business analysis reviews, and the job-in-jeopardy report did not persuade us that petitioner was an employee rather than an independent contractor, we conclude that respondent was substantially justified in taking this case to trial. We agree with respondent that the trial of this case presented facts not before the Court in either of the prior cases and that it was not unreasonable for respondent to try to sustain her position on the basis of those additional facts. Butts and Smithwick were still on appeal when we held the trial in this case. Special Trial Judge Peterson's opinion in Butts can be read as inviting the presentation of the additional evidence that respondent put forward in this case. Having held that the Government's position is not unreasonable when testimony is needed to clarify a factual controversy, Moore v. Commissioner, T.C. Memo. 1989-306, we conclude that respondent was substantially justified in presenting her case and in not awaiting the outcome of the appeals in Butts and Smithwick before doing so. Having characterized *444 our decision on petitioners' section 7430 motion as a close call, we note developments since this case was tried that should facilitate resolution of the NOA employment issue in pending cases: [7] Our decisions in Butts and Smithwick have been affirmed; the Court of Appeals for the Eleventh Circuit in affirming hastened the release of its opinion so that it would be available to provide guidance for the numerous other NOA cases pending of which it was aware; and this Court has reaffirmed its views in this case and in Feivor v. Commissioner, T.C. Memo. 1995-107. *445 In these circumstances, "we leave for another day the decision whether costs and fees should be available in a case in which respondent continues to advocate a position * * * previously judicially * * * disapproved", Mearkle v. Commissioner, supra at 533 n.10, and whether this type of case is an appropriate vehicle for attempting to obtain a conflict among the circuits that would be "meaningful" within the terms of Keasler v. United States, 766 F.2d 1227, 1237 (8th Cir. 1985). Postscript
Some final words are in order to explain our withdrawal of the oral opinion on the merits and substitution of a memorandum opinion. We issued an oral opinion because we had the benefit of Special Trial Judge Peterson's comprehensive findings and opinion in Butts, which had been followed in Smithwick. Against that background, we were able to deal with the additional facts brought out through Ms. Cotter's testimony, and to let petitioners know promptly where they stood on the merits. However, oral opinions are not only not to be cited or relied upon as precedent, Rule 152(c), but their texts, unlike memorandum opinions, are *446 not easily accessible to the public through legal research, see sec. 7459(b). We hope that issuance of our memorandum opinion on the merits, as well as this memorandum opinion on petitioners' motion for costs, will help to dispose of the pending cases and lead to appropriate resolution of related issues. An appropriate order will be issued denying petitioners' motion, as supplemented. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year at issue.↩
2. The appeal in Smithwick was actually also docketed in the Eleventh Circuit and our decisions in Butts and Smithwick have since been affirmed by the Court of Appeals for the Eleventh Circuit. Smithwick v. Commissioner, T.C. Memo. 1993-582, affd. per curiam sub nom. Butts v. Commissioner, 49 F.3d 713 (11th Cir. 1995); Butts v. Commissioner, T.C. Memo. 1993-478, affd. per curiam 49 F.3d 713↩ (11th Cir. 1995).
3. Copies of the transcript of the Court's findings of fact and opinion were served on the parties on Jan. 31, 1995, and corrected or amended in four minor respects by order issued June 1, 1995.↩
4. On other aspects of the NOA program, we also note De Jesus v. Sears, Roebuck & Co.↩, 1995-1 Trade Cases par. 70,948 (S.D.N.Y. 1995).
5. As amended by sec. 6239(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3743-3746 (applicable to proceedings commenced after Nov. 10, 1988).↩
6. In their trial memorandum and at trial, petitioners also cited Ware v. United States, 850 F. Supp. 602↩ (W.D. Mich. 1994) (on appeal to 6th Cir.), in which insurance agents of another company were held, on the taxpayer's motion for summary judgement, to be independent contractors.
7. We note that, in addition to the 3 cases already decided that concern the employment relationship between NOA's and Allstate (Butts, Smithwick, and the case at hand), at least 4 such cases have been settled (Clark v. Commissioner, docket No. 5484-94; Byrd v. Commissioner, docket No. 24892-93; Dukes v. Commissioner, docket No. 24598-93; Caudill v. Commissioner, docket No. 1456-94), and at least 11 cases are currently before this Court (Noble v. Commissioner, docket No. 4823-93; Wood v. Commissioner, docket No. 15776-93; Tofig v. Commissioner, docket No. 1794-94; Noble v. Commissioner, docket No. 8941-94; Cohen v. Commissioner, docket No. 1140-95; Minard v. Commissioner, docket No. 1971-95; Alexander v. Commissioner, docket No. 3685-95; Medina v. Commissioner, docket No. 4134-95; Salvatore v. Commissioner, docket No. 5252-95; McKoy v. Commissioner, docket No. 5427-95; Rooney v. Commissioner↩, docket No. 5725-95).